R. M. COBBAN REALTY CO., APPELLANT, *v.* DONLAN ET AL., RESPONDENTS.

(No. 3,519.)

(Submitted May 6, 1915.   Decided June 1, 1915.)

[149 Pac. 484.]

*Real Estate—Conveyances—Estates in Land—Logs and Logging —Timber Deed—Nature of Instrument—Judgment on Pleadings.*

Judgment on Pleadings—When Improper.
   1.   Where the pleadings present a material issue, a motion for judgment on the pleadings does not lie, and a judgment entered thereon cannot be upheld.
Real Estate—Deeds—Construction—Intention of Parties.
   2.   Under Revised Codes, section 5030 providing that the whole of a contract is to be taken together, the intention of the parties to a deed is to be ascertained from the language thereof, viewed in its entirety— not as presented in particular sentences or paragraphs.
Same—Estates in Land—Power of Owner.
   3.   An owner of realty may carve out of it as many estates or interests as it may be able to sustain, the prudence or wisdom of the transaction not being a subject of inquiry by courts.

(58)

Same—Timber Deed—Fee-simple Estate.

4.  Where a land owner conveyed growing timber, with a right of way over the land for the purpose of removing it, to the buyer, "his heirs and assigns forever," without limitation or condition, a fee-simple estate in the timber passed to the grantee, and such grant, was not defeated by the latter's failure to cut and remove it within a reasonable time.

Same—Timber Deed—Failure to Remove Timber—Effect.

5.  Where standing timber was conveyed in fee simple, with the right of entry to cut and remove it, unlimited as to time, and the grantor thereafter sold the land on which the timber stood to a third person, expressly excepting the timber from the conveyance, such third person was not entitled to claim a reversion of the timber in him upon failure of the grantee thereof to cut and remove it within a reasonable time.

*Appeal from District Court, Missoula County; J. E. Patterson, Judge.*

Action by the R. M. Cobban Realty Company against Edward Donlan and others.  Judgment for defendants and plaintiff appeals.  Affirmed.

*Mr. William Wayne,* for Appellant, submitted a brief and argued the cause orally.

It is conceded that it would be possible for the parties to have created the kind of an estate in this timber which respondents assume was created.  Such an intention, however, would be so contrary to ordinary wisdom on the part of the grantor and the consequences of such a construction of these deeds so harsh and unusual, rendering, as it would, the land useless for any purpose inconsistent with the growing of a forest thereon, and practically destroying its marketability, that no court should give such a construction to them except when absolutely concluded by the intention of the parties as evidenced by the clear, definite and unescapable language used.  The language used in the deeds which we are construing is not of that character, but, on the contrary, is permeated all through by *indicia* showing that the parties were dealing with this timber as personalty and not as a fee simple estate in realty.  We call attention to the authorities below as sustaining our view.  We admit that there is a confusion in the authorities.  This confusion arises, in large

part at least, from a failure to keep constantly in mind that the court in each case is construing a particular instrument, sometimes by its four corners and sometimes with the aid of extrinsic evidence, and that neither the language used nor the evidence considered is the same in the different cases. In every case, however, the court has sought the intention of the parties, and where it has been held that a given deed of timber conveyed a fee simple estate in realty, the holding has been based upon an unescapable intention of the parties to so convey. (*Houston Oil Co.* v. *Hamilton* (Tex. Civ. App.), 153 S. W. 1194; *Houston Oil Co.* v. *Boykin* (Tex. Civ. App.), 153 S. W. 1176; *McRae* v. *Stillwell*, 111 Ga. 65, 55 L. R. A. 513, 36 S. E. 604; *Fletcher* v. *Lyon*, 93 Ark. 5, 123 S. W. 801; *Carson* v. *Three States Lumber Co.*, 108 Tenn. 681, 69 S. W. 320; *Liston* v. *Chapman etc. Land Co.*, 77 Ark. 116, 91 S. W. 27; *Paterson* v. *Graham* (Pa.), 30 Atl. 247; *Oates* v. *Yeargin* (Ky.), 115 S. W. 794; *McNair & Wade Land Co.* v. *Parker*, 64 Fla. 371, 59 South. 959; *Hicks* v. *Phillips*, 146 Ky. 305, 47 L. R. A. (n. s.) 878, 142 S. W. 394; *Garden City Stave etc. Co.* v. *Sims*, 84 Ark. 603, 106 S. W. 959; *Beauchamp* v. *Williams* (Tex. Civ. App.), 115 S. W. 130; *Brinson* v. *Kirkland*, 122 Ga. 486, 50 S. E. 369; *Hawkins* v. *Goldsboro Lumber Co.*, 139 N. C. 160, 51 S. E. 852.) We also refer to an elaborate note on this subject in 55 L. R. A. (n. s.) 513, and a similar note in 12 Am. & Eng. Ann. Cas. 731. The cases of *Peterson* v. *Gibbs*, 147 Cal. 1, 109 Am. St. Rep. 107, 81 Pac. 121, and the later opinion in *Gibbs* v. *Peterson*, 163 Cal. 758, 127 Pac. 62, places California squarely in line with our contention as to the proper construction to be given to the timber deeds involved in this litigation.

*Mr. Frank A. Roberts*, for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

The complaint herein shows: That James J. McGrath, the owner of two certain tracts of land situate in Missoula county,

together with the timber thereon, executed separate deeds to Edward Donlan, as follows: One dated November 16, 1901, which we shall call deed A, and the other on December 21, 1901, which we shall call deed B. Deed A recites that McGrath, in consideration, of $1,000, the receipt whereof is acknowledged, "has granted, bargained, sold, and conveyed, and by these presents does grant, bargain, sell and convey, unto the said party of the second part and to his heirs and assigns forever, all that certain timber now being or growing upon" one of the tracts above referred to, "together with an easement and right of way" over and across said tract and over another parcel of land "for cutting, skidding and removing said timber. To have and to hold, all and singular the said timber unto the said party of the second part and to his heirs and assigns forever." Deed B recites that McGrath, in consideration of $1, the receipt whereof is acknowledged, "does by these presents grant, bargain, sell, convey and confirm unto the said party of the second part, and to his heirs and assigns forever, all the real property * * * described as follows: All the saw timber now standing and being upon" the other of the tracts above referred to, "together with a right of way over, upon and across" said tract, "for the purpose of hauling, skidding and removing said timber from said lands, and also the right of way for hauling, skidding and removing the timber belonging to the said party of the second part, in the same or adjoining sections. It is hereby intended * * * to convey the timber only upon the above-described land, reserving the lands to the said party of the first part. * * * To have and to hold * * * unto the said party of the second part and to his heirs and assigns forever. And the said party of the first part and his heirs do hereby covenant that they will forever warrant and defend their right, title and interest * * * and the quiet and peaceable possession * * * unto the said party of the second part, his heirs and assigns," *etc.*

That on July 18, 1902, Donlan, by what we shall call deed C, conveyed to the defendant Largey Lumber Company, "its suc-

cessors and assigns forever,'' certain timber and certain lands, including the timber and easements mentioned in deeds A and B. The language employed in deed C to describe the timber and right of way granted by deed A is the same as that employed in deed A; the language employed in deed C to describe the timber granted by deed B is the same as that employed in deed B; but the language employed in deed C to describe the right of way granted by deed B is somewhat different, being as follows: ''Together with a right of way and easement over, upon and across the said described lands for the purpose of hauling, skidding and removing said timber from said lands and any and all other timber belonging to said party of the second part on the same or adjoining sections. It is understood and agreed, however, that the right of way hereby granted for the purpose of cutting and removing said timber shall expire on the 21st day of December, 1904.''

That on February 19, 1902, McGrath, by what we shall call deed D, conveyed to George Keith, ''his heirs and assigns forever,'' the land embraced in both the tracts above referred to; said deed, however, containing this express provision: ''It is agreed and understood that the party of the first part does not convey with this instrument the standing timber on said land,'' *etc.*

That on December 21, 1902, the Largey Lumber Company, by what we shall call deed E, conveyed to the defendant Missoula Lumber Company, ''its successors and assigns forever,'' all the property by identical description mentioned in deed C.

That on January 9, 1904, Keith, by what we shall call deed F, conveyed to the plaintiff Cobban Realty Company, ''his heirs and assigns forever,'' the lands embraced in deed D, ''except, and there is hereby excepted, any valid right that might have been acquired by other parties heretofore in the standing timber growing on said land, also excepting and reserving 17 acres, more or less, heretofore conveyed * * * to Edmund Trudeau, * * * also about 1½ acres conveyed to Ole Erickson.''

The complaint then proceeds in paragraph 6 to allege: "That the time within which the said defendants, or any of them, could enter upon said lands, for the purpose of cutting and removing said timber under said deeds, expired on December 21, 1904; that said timber is reasonably accessible, and by the exercise of reasonable diligence could have been cut and removed long before this time (November 3, 1913), but that the grantees, and each and all of them, have permitted more than a reasonable time, to-wit, nearly eleven years to elapse since the execution of the deeds from James J. McGrath to Edward Donlan, and that none of the defendants have ever entered upon said lands or cut or removed any of the timber conveyed by said deeds, by reason of all of which, whatever rights defendants, or any of them, may have had to said timber, or to enter upon said lands or any part thereof for the purpose of cutting and removing said timber, have ceased and determined." The prayer is for a "decree declaring terminated all and every right of the defendants, or any of them, to said timber or any thereof, and terminating the easement or right of way granted to said defendants, or any of them, * * * and forever foreclosing all rights claimed or to be claimed by defendants, or any of them, under or by virtue of the conveyances set forth."

The defendants Donlan, Largey Lumber Company, and Missoula Lumber Company jointly answered, admitting all the allegations of the complaint, save those of paragraph 6, above quoted, which are denied, and averring affirmatively that Donlan intended by deed C to convey to the Largey Lumber Company, and that it intended by deed E to convey to the Missoula Lumber Company "all property and rights acquired by said Donlan by virtue" of deeds A and B, and that the provisions contained in deeds C and E, limiting the duration of the right of way to December 21, 1904, were unintentionally inserted therein by mutual mistake; that upon discovery of said mistake, and to rectify the same, Donlan on March 15, 1913, executed and delivered a deed, which we shall call deed G, in which the portions descriptive of the property conveyed are the same as

in deeds A and B; that Keith on October 17, 1913, also executed and delivered a deed, which we shall call deed H, wherein he quitclaimed all and every interest in the same property to the Missoula Lumber Company; that, ever since deeds A and B were executed, the timber has been separately assessed from the land, and upon a much greater valuation, the taxes on the timber being paid by Donlan or his successors in interest, and the taxes on the land being paid by the owners thereof; that at no time before the commencement of this suit was any notice given to any of the defendants requiring them to cut and remove the timber conveyed by deeds A and B, or that the rights and easements described in said deeds were to be annulled and set aside within a reasonable or any time; that the lands described in deed A are mountainous, broken and unfit for farming purposes and of no real value, save for the timber thereon or for the grazing of stock, with which the timber little interferes; that the lands described in deed B are being cultivated and used for farming purposes by tenants of plaintiff, and with these purposes the timber, being scattered, does not greatly interfere; that all of said timber is situate at a remote distance from railroad transportation, sawmills and markets, and cannot be cut and removed, except at an expense practically equal to its entire market value; and that "under all the existing facts and circumstances in this case, it was at all times herein mentioned, and now would be, unreasonable and unjust to compel or ask the present owner of said timber to cut and remove the same, even though, under the law and the facts of this case, it was and is the bounden duty of said owner to remove said timber from said premises within a reasonable time, which defendants deny."

Expressly or by failure to deny, all the allegations of the answer stand admitted by the reply, save only those averring that the provisions of deeds C and E, limiting the duration of the right of way to December 21, 1904, were unintentionally inserted by mistake.

Upon these pleadings, a motion was made by the defendants for judgment. This motion was granted, judgment was entered, and from it the plaintiff appeals.

It must be recognized at the outset that, if a material issue is [1] presented by the pleadings, the motion did not lie, and the judgment cannot be upheld.   (*First Nat. Bank of Butte* v. *Silver*, 45 Mont. 231, 122 Pac. 584.)   There are two apparent issues, *viz.:* Whether a reasonable time in which to remove the timber had elapsed when the suit was commenced, and whether the clause in deeds C and E, limiting the duration of the right of way, was inserted by mistake.   But the materiality of these issues, as will be later noted, depends entirely upon what was conveyed by deeds A and B, and upon what the plaintiff got by virtue of deeds D and F.

The cause has been thoroughly briefed on both sides.   The contention of plaintiff, skillfully presented, is that deeds A and B were intended to and do convey only an interest in the timber as personal property terminable by failure to remove within a reasonable time.   This is based, not solely upon the language of these deeds, but upon the deeds as interpreted (a) by the nature of the transaction; (b) by the subsequent deeds C and E, and (c) by certain adjudicated cases.   As to the availability of any extraneous aids to interpretation, it should be noted that this is not an action by McGrath, whose deeds are in question. It is a controversy based upon the deeds, without any claim of mistake, between a purchaser of the land twice removed from McGrath and a purchaser of the timber twice removed from Donlan, to whom the timber was conveyed by McGrath.   Every reason, therefore, exists for the application of the rule that the [2] intention of the parties to these deeds is to be ascertained, if possible, from their language (*Ford* v. *Sutherlin*, 2 Mont. 440; *Bullard* v. *Smith*, 28 Mont. 387, 72 Pac. 761; *Frank* v. *Butte & Boulder Mining etc. Co.*, 48 Mont. 83, 135 Pac. 904), not, indeed, as it is presented in particular sentences or paragraphs, but according to its effect when viewed as an entirety.   (Rev. Codes, sec. 5030; *Butte Water Co.* v. *City of Butte*, 48 Mont. 386, 396, 138 Pac. 195.)

Taking deed A "by its four corners" then, we observe that it is a deed (an instrument customarily employed only for the

[3, 4]  conveyance of an interest in real estate and legally requisite for such purpose) ; it expresses a present consideration fully paid; its subject matter is timber, growing trees, realty under our law (Rev. Codes, secs. 4424, 4425, 4427), and an easement, which is also realty under our law (Rev. Codes, secs. 4425, 4507) ; and it purports by appropriate language to convey this realty to Edward Donlan, "his heirs and assigns forever." The legal effect of such an instrument (competent parties being present) is not open to controversy in this state. The language employed conveys an estate of inheritance; every inheritance is a fee; every fee not defeasible or conditional is a fee simple; and a fee simple title is presumed to be intended by every grant of real property from which it does not appear that a lesser estate was intended (Rev. Codes, secs. 4482, 4619). Counsel say that the nature of the transaction makes it appear from the grant that a fee simple was not intended to be conveyed. This might be true if it were impossible to grant such an estate in timber or to grant a right of way to endure during the life of the timber. But the right of an owner to carve out of his property as many estates or interests (perpendicular or horizontal, perpetual or limited) as it may be able to sustain cannot be open to doubt (*Northern Pacific Ry. Co.* v. *Mjelde,* 48 Mont. 287, 137 Pac. 386; 1 Washburn, Real Property (6th ed.), pp. 17, 18) ; and, where this is done, the prudence or wisdom of the transaction is not a subject of inquiry. Owners of property have the right to be foolish as well as wise, prodigal as well as provident; and, whichever they are, it is the business of the courts to enforce their contracts freely made and plainly expressed. (*McCrimmon* v. *Murray,* 43 Mont. 457, 117 Pac. 73; *Frank* v. *Butte & Boulder etc. Co., supra.*)

It is argued, however, that the right of entry, though expressed without limitation as to time, contemplates a removal of the timber and proves the intent that such removal was to be made within a reasonable time, in default of which the right to the timber should be lost. This argument makes a grant of timber in perpetuity well-nigh impossible, since removal is con-

templated at some time during the life of the timber in almost every case. It requires us to imply that, though given as a mere incident to the grant of the timber, which grant, if language has any value, is in perpetuity, the right of entry is limited in time, and, with that implication as to the incident, to condition a grant of the principal thing otherwise unconditioned. This is to put the cart before the horse. A grant does not follow its incidents, but these follow, and, when expressed in general terms, take their character from the interest to which they are attached. (Rev. Codes, sec. 4610.) In its essentials, deed A, conveying the timber with the right of entry to cut and remove the same differs not from a grant or reservation of coal or minerals, with a similar right of entry to mine and remove. That such a grant or reservation, couched in the terms employed in deed A, would be absolute no one would deny; and if in fact McGrath did intend, for the consideration paid by Donlan, to grant such an estate in the timber with the right of entry for cutting, skidding and removing the same so long as any of it remained, we hazard the opinion that apter words to express that intention could not have been chosen than those which were actually employed.

Deed B is even more emphatic than deed A; and thus, on principles recognized by the statutes and decisions of this state, without regard to the holdings of other jurisdictions, we say that they clearly conveyed the timber and right of way without limitation or condition, so far as time is concerned.

The industry of counsel for plaintiff has laid before us a number of decisions holding to the contrary (*Houston Oil Co.* v. *Hamilton* (Tex. Civ. App.), 153 S. W. 1194; *Houston Oil Co.* v. *Boykin* (Tex. Civ. App.), 153 S. W. 1176; *McRae* v. *Stillwell,* 111 Ga. 65, 55 L. R. A. 513, 36· S. E. 604; *Fletcher* v. *Lyon,* 93 Ark. 5, 123 S. W. 801; *Carson* v. *Three States Lumber Co.,* 108 Tenn. 681, 69 S. W. 320; *McNair & Wade Land Co.* v. *Parker,* 64 Fla. 371, 59 South. 959), but we feel that they are not only opposed to express statutory provisions of this state, but also to the weight of judicial authority. *Butterfield Lumber Co.* v. *Guy,* 92 Miss. 361, 131 Am. St. Rep. 540, 15 L. R. A. (n. s.) 1123, 46

South. 78, is a leading case. There the grantor himself sought the relief here claimed by strangers to the original transaction. His deed conveyed "all the green pine timber" on a certain piece of land, with "the right to enter upon said land with log carts and log wagons to remove said timber off said land." The court said: "It is alleged in the bill that the lumber company, under the deed, only obtained title to the timber on condition that it cut and remove same from the land in a reasonable time. * * * The deed is a simple conveyance by warranty in fee simple of the timber, without time limit or conditions. In every essential necessary to convey a fee interest in the trees, the deed conforms to the requirements of the statutes. The relief sought by complainant's bill is without authority; but we think it untenable and against right. * * * No ground for equitable relief is shown by the mere fact that the party invoking the aid of the court has made an improvident contract. There must be something more than this before there is any ground for equitable relief. * * * Since the case of *Harrell* v. *Miller,* 35 Miss. 700, 72 Am. Dec. 154, it has been uniformly held in this state that the sale of timber conveyed an interest in realty. * * * In the case of *Fox* v. *Pearl River Lumber Co.,* 80 Miss. 1, 31 South. 583, this court said: 'Trees are a part and parcel of the land upon which they are growing or standing, for the term "land" embraces, not only the soil, but its natural productions, and trees growing or standing upon land are not distinguishable in their character of real estate from the soil itself until they are actually severed from the soil. * * * By the common law, also, several sorts of estates or interests, joint or several, may exist in the same fee, as that one person may own the ground or soil, another the structures thereon, another the minerals beneath the surface, and still another the trees and wood growing thereon.' It is thus seen, from the former decisions of this court, that while it is recognized that there may be different ownerships in real estate, according to its different character, trees, land, *etc.,* yet the fact that its ownership may be diverse does not change its character as real estate until actually

severed. This being the case, a fee simple title can be made in one character of real estate as well as another. It was as lawful and binding on Mr. Guy to make a fee simple title to the trees forming a part of this land as it would have been for him to make a deed to the entire real estate, including the land. * * * In the case of *Magnetic Ore Co.* v. *Marbury Lumber Co.*, 104 Ala. 465, [53 Am. St. Rep. 73, 27 L. R. A. 434, 16 South. 632], it is held that 'a conveyance without condition or reservation of the "saw timber" standing on certain land vests absolute title in the trees, independent of the land itself, * * * ' And the court further said that, before it should be held that timber should be removed within a reasonable time, where a purchaser obtains a deed to it without condition or reservation as to the time within which it shall be removed, there ought to be some cogent reason compelling such a conclusion or decision, so strong as to amount to an established rule of property, before such contention should be adopted as the law. We can put our view of this case in no more succinct form or in stronger language than is used in the Alabama case above cited.'' To the same effect are *Skamania Boom Co.* v. *Youmans*, 64 Wash. 94, 116 Pac. 645; *Wilson Lumber Co.* v. *D. W. Alderman & Sons Co.*, 80 S. C. 106, 128 Am. St. Rep. 865, 61 S. E. 217; *Clap* v. *Draper*, 4 Mass. 266, 3 Am. Dec. 215; *Wait* v. *Baldwin*, 60 Mich. 622, 1 Am. St. Rep. 551, 27 N. W. 697; *Keystone Lumber Co.* v. *Brooks*, 65 W. Va. 512, 64 S. E. 614; *North Georgia Co.* v. *Bebee*, 128 Ga. 563, 57 S. E. 873; *Baker* v. *Kenney*, 145 Iowa, 638, 139 Am. St. Rep. 456, 124 N. W. 901; *Knotts* v. *Hydrick*, 12 Rich. (S. C.) 314; *Goodyear* v. *Vosburgh*, 57 Barb. (N. Y.) 243; *Peterson* v. *Gibbs*, 147 Cal. 1, 109 Am. St. Rep. 107, 81 Pac. 121; *Sears* v. *Ackerman*, 138 Cal. 583, 72 Pac. 171; *Lodwick Lumber Co.* v. *Taylor*, 100 Tex. 270, 123 Am. St. Rep. 803, 98 S. W. 238; *Baxter* v. *Mattox*, 106 Ga. 344, 32 S. E. 94; *Hicks* v. *Phillips*, 146 Ky. 305, 47 L. R. A. (n. s.) 878, 142 S. W. 394; *Perkins Mfg. Co.* v. *Williams*, 98 Ga. 388, 25 S. E. 556; *Howard* v. *Lincoln*, 13 Me. 122; *Goodwin* v. *Hubbard*, 47 Me. 595; *Gregg* v. *Birdsall*, 53 Barb. (N. Y.) 402; *Bardon* v. *O'Brien*, 140 Wis. 191, 133 Am.

St. Rep. 1066, 120 N. W. 827; *Whitaker* v. *Brown,* 46 Pa. (10 Wright) 197.

Deeds A and B being clear on their face, and their effect
[5] being to convey the timber in fee simple, with the right
of entry to cut and remove, unlimited as to the time, neither
the provisions in deeds C and E nor any other extraneous aids
can avail for purposes of interpretation, and no power exists
in the plaintiff to curtail the rights so conveyed. It is vigorously urged that this conclusion is inimical to public policy;
that the infliction upon this state of a system whereby growing
timber can be permanently owned apart from the land will hamper our development by destroying the marketability of timber
lands and indefinitely postponing the availability for use of the
soil itself. This involves many assumptions not necessary to
be noticed at this time. Suffice it to say that in our judgment
the only question of public policy here presented is the very
large and important one of adherence to the law in the enforcement of contracts wittingly made and plainly expressed.

It is not, however, without interest to note that, were deeds
A and B open to the interpretation urged upon us, the plaintiff's case would not be advanced. The plaintiff deraigns its title
through deeds D and F, each of which expressly excepts the
timber from its effect. It is not hard to see how McGrath,
plaintiff's original grantor, might feel himself entitled to claim
a reversion of the timber, but how the plaintiff, in whose chain
of title the timber is expressly excepted, can do so, is rather
more difficult to understand. In *Magnetic Ore Co.* v. *Marbury
Lumber Co.,* 104 Ala. 465, 53 Am. St. Rep. 73, 27 L. R. A. 434,
16 South. 632, a similar claim was presented, and we accord
with the following disposition of it as made by that court: ''The
bill shows that in July, 1881, the Louisville & Nashville Railroad
Company, by deed of conveyance regularly executed, sold and
conveyed absolutely the 'saw timber' growing upon certain
lands. No mention is made in the conveyance as to when, if
ever, the 'saw timber' was to be cut and removed, but the saw
timber is sold and conveyed wholly without condition or limita-

tion.  *  *  *  The Louisville & Nashville Railroad Company, by deed of conveyance made in October, 1886, sold and conveyed the lands to H. F. De Bardeleben, with the following provision or reservation: 'But it is understood and agreed that the timber, with right of way to reach same has been sold,' *etc.*   In February, 1888, De Bardeleben conveyed to complainant.  *  *  *  Complainant's whole case, as we construe the bill and the brief of counsel, is rested upon the proposition that, as defendant failed to cut and remove the timber within a reasonable time, he thereby forfeited whatever of property interest he purchased and acquired by the deed of conveyance from the owner, and the 'saw timber,' by reason of the forfeiture, became vested in the complainant, although it was expressly reserved from the sale to De Bardeleben, and excepted by De Bardeleben in the deed to complainant. We do not assent to the proposition.'' (See, also, *Gresham* v. *Atlantic Coast Lumber Co.,* 96 S. C. 53, 79 S. E. 799; *Kincaid* v. *McGowan,* 88 Ky. 91, 13 L. R. A. 289, 4 S. W. 802; *Hodge* v. *Boothby,* 48 Me. 68.)

It follows, from what has been said, that neither issue presented by the pleading is a material one; that both were properly ignored in ruling upon the motion for judgment; and that the judgment itself is correct and should be affirmed. So ordered.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.