KIEHL, APPELLANT, *v.* HOLLIDAY, RESPONDENT.

(No. 5,995.)

(Submitted November 10, 1926. Decided November 29, 1926.)

[251 Pac. 527.]

*Real Property — Trespass — Depasturing Lands — Damage to Lands—Costs.*

Trespass—Livestock Depasturing Lands—Damage to Real Property— Costs Recoverable by Plaintiff—Statutes.
1. In an action for damages to recover damages for trespass committed by defendant in pasturing his sheep upon plaintiff's land, plaintiff was entitled to recover his costs irrespective of the amount of the verdict in his favor, under subdivision 1 of section 9787, Revised Codes of 1921.

Trespass—What Constitutes.
2. Every unauthorized entry upon the land of another is a trespass, which implies some injury to the real estate.

---

2. See 26 R. C. L. 939.

Same—Growing Grass Part of Soil—Depasturing is Damage to Land.
3.   Growing grass is a part of the soil of which it is the natural growth, within the meaning of sections 6667 and 6669, Revised Codes, and destruction thereof by the herding of livestock thereon constitutes a damage to the owner's real property.

[1]   Trespass, 38 **Cyc.**, p. 1148, n. 60.
[2, 3]   Crops, 17 **C. J.**, sec. 3, p. 380, n. 17.   Property, 32 **Cyc.**, p. 656, n. 99.   Trespass, 38 **Cyc.**, p. 995, n. 14; p. 996, n. 17; p. 1148, n. 60.

*Appeal from District Court, Wheatland County; William L. Ford, Judge.*

ACTION by Edgar Kiehl against Charles Holliday.   Verdict for plaintiff, and, from a judgment striking his bill of costs, he appeals.   Reversed and remanded, with direction to reinstate the bill.

*Mr. L. R. Daems,* for Appellant, submitted a brief.

Plaintiff was entitled to recover his costs.   (See *Hubbel* v. *Rochester,* 8 Cow. (N. Y.) 115; *Powers* v. *Conry,* 47 How. Pr. (N. Y.) 84; *Soper* v. *Barker,* 36 Wis. 648; *Holman* v. *Taylor,* 31 Cal. 338; *Boyd* v. *Southern California Ry. Co.,* 126 Cal. 571, 58 Pac. 1046; *Hoyt* v. *Hart,* 149 Cal. 722, 87 Pac. 569; *Harens* v. *Dale,* 30 Cal. 547; *Lawton* v. *Gordon,* 37 Cal. 202; *Glock* v. *Elges,* 39 Nev. 415, 159 Pac. 629; *Grosso* v. *City of Lead,* 9 S. D. 165, 68 N. W. 310.)

*Mr. C. A. Linn,* for Respondent, submitted a brief and argued the cause orally.

The case does not come within the provisions of subdivision 1 of section 9787, Revised Codes of 1921, as the damage suffered was not damage to real estate, nor was it so treated or considered by the plaintiff during the trial of the case.   No evidence was introduced as to the value of the land before and after the damage, the only proof introduced being as to the amount and value of the grass eaten and destroyed.   The grass

---

3.   See 8 **R. C. L.** 357.

had a value separate and distinct from the land or freehold, and is more in the nature of personal property. (*Knight* v. *Houston & T. C. Ry. Co.,* 93 Tex. 417, 55 S. W. 558; *Marron* v. *Great Northern Ry. Co.,* 46 Mont. 593, 129 Pac. 1055; *Durfee* v. *Granite Mining Co.,* 13 Mont. 181, 33 Pac. 3; *Pollock* v. *Cummings,* 38 Cal. 683.) Nor does it come within the provisions of subdivision 5, because neither title, possession nor right of possession was involved in any way in the trial of the case.

This action was essentially an action for the recovery of the value of the grass eaten and destroyed, and upon this theory the case was tried by both parties in the lower court. (*Ostrom* v. *Potter,* 104 Mich. 115, 62 N. W. 170; *Fisk* v. *Wabash Ry. Co.,* 114 Mich. 248, 72 N. W. 205; *Wolfe* v. *Furman,* 142 Wis. 94, 124 N. W. 1039; *Leidy* v. *Carson,* 115 Mo. App. 1, 90 S. W. 754; *Babbitt* v. *Shearer,* 192 Mass. 600, 78 N. E. 769; 15 C. J., 52, and notes 47 and 49; *Pollock* v. *Cummings,* 38 Cal. 683.) It should have been brought in the justice court, and failing to do so, the plaintiff, having recovered judgment for only $25, cannot recover his costs.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The plaintiff, occupant and lawfully in possession of certain lands in Wheatland county, sued the defendant for herding and pasturing thereon 2,000 head of sheep belonging to defendant.

It was alleged by plaintiff and denied by defendant that the defendant had "wrongfully, negligently, unlawfully and maliciously and without right or authority and without consent of plaintiff, herded and pastured said sheep on the said premises with result that the grass and herbage was eaten off and destroyed."

The jury returned a verdict for plaintiff for $25. Plaintiff in due time claimed his costs by filing and serving a memorandum of the items of his costs and necessary disburse-

ments in the action, duly verified as provided in section 9803, Revised Codes of 1921. The court, upon motion of defendant, struck the bill of costs from the files. The plaintiff had settled a bill of exceptions and appealed from the judgment.

The question for determination is whether the plaintiff, who [1] recovered damages for $25 only, is entitled to costs, in view of the provisions of section 9787, Revised Codes of 1921, which reads in part as follows: "Costs are allowed, of course, to the plaintiff, upon a judgment in his favor, in the following cases: (1) In an action for the recovery of real property, or damages thereto. * * * (3) In an action for the recovery of money or damages, exclusive of interest, when plaintiff recovers over fifty dollars. * * * (5) In an action which involves the title or possession, or right of possession, of real estate. * * * "

Plaintiff contends that as the jury found in his favor he is entitled to costs under both subdivisions 1 and 5, regardless of the amount recovered, while defendant relies upon subdivision 3.

We think plaintiff is entitled to costs under subdivision 1. Clearly a plaintiff upon judgment in his favor in an action for the recovery of damages to real property is entitled to his costs. This plaintiff, being the occupant and lawfully in possession of the lands, was entitled to the exclusive possession thereof as against the defendant; the defendant, making an unwarranted entry upon the lands of plaintiff, committed a [2, 3] trespass. Every unauthorized entry upon land of another is a trespass. (*Monroe* v. *Cannon*, 24 Mont. 316, 81 Am. St. Rep. 439, 61 Pac. 863; 38 Cyc. 995, and cases cited.) A trespass implies some injury to the real estate. Every such entry "carries necessarily along with it some damage or other; for, if no other special damage can be assigned, yet the words of the writ itself specify one general damage, *viz.*, the treading down and bruising his herbage." (3 Blackstone's Commentaries, 210.)

The grass was a part of plaintiff's real property. Real property consists of "(1) Land; (2) That which is affixed to land. * * * " (Sec. 6667, Rev. Codes 1921.) "A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs. * * * " (*Id.* 6669.) "Growing grass and trees and the fruit of them, called *fructus naturales,* are a part of the soil of which they are the natural growth." (Anderson's Law Dictionary, "Fructus.")

Section 6669, so far as it refers to roots, vines, and shrubs, includes *fructus naturales,* which are things produced essentially by the powers of nature alone. (*Power Merc. Co.* v. *Moore Merc. Co.,* 55 Mont. 401, 177 Pac. 406; *R. M. Cobban Realty Co.* v. *Donlan,* 51 Mont. 58, 149 Pac. 484; *Bjornson* v. *Rostead,* 30 S. D. 40, Ann. Cas. 1915A, 1151, 137 N. W. 567.)

The destruction of plaintiff's growing grass, therefore, was a damage to plaintiff's real property, and any judgment in plaintiff's favor because thereof entitled him to costs regardless of the amount recovered.

Subdivision 3 is a general provision respecting costs in actions for the recovery of money or damages, exclusive of interest, and has no application to the special instances covered by subdivision 1. This conclusion makes it unnecessary to consider the applicability of subdivision 5.

The judgment is reversed and the cause is remanded to the district court of Wheatland county, with directions to expunge from its minutes the order striking plaintiff's cost bill from the files and to reinstate the same.

*Reversed and remanded.*

JUSTICES GALEN, STARK and MATTHEWS and HONORABLE HENRY G. RODGERS, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, absent on account of illness, concur.