NORUM, APPELLANT, *v.* QUEEN CITY OIL CO.,
RESPONDENT.

(No. 6,237.)

(Submitted January 12, 1928. Decided February 14, 1928.)

[264 Pac. 122.]

*Public Lands—Patent—Reservation of Mineral Rights—Oil and
Gas—Rights of Lessee of United States—Damaging Land of
Owner—Pleading and Proof—Pollution of Owner's Water—
Destruction of Grass—Burden of Proof.*

Oil and Gas—Rights of Lessee Under United States Lease—Action by
Holder of Patent—Damages to Land—Pleading and Proof.
1.  The holder of a lease from the federal government granting
him the right to explore for and remove oil and gas found upon
land, patent to which reserves to it the minerals therein, may,
under the terms of the lease, construct and maintain thereon
structures, reservoirs, etc., necessary to the full enjoyment of
the right granted; hence where the land owner claims damages
because of the construction and maintenance of the things per-
mitted under the lease, he must allege and prove that what
was done was unnecessarily or in an unreasonable manner.

Same—Damages to Owner's Land—Complaint—Sufficiency.
2.  Complaint in an action by the owner of patented land
against the holder of an oil and gas lease thereon from the federal
government, alleging damage to his land by reason of the unneces-
sary construction of a reservoir thereon, from which polluted water
escaped destroying growing grass rendering the land worthless
and damaging plaintiff's water supply, stated a cause of action.

Torts—Acts of Defendant not Wrongful Per Se—Breach of Duty or
Obligation—Pleading and Proof.
3.  One who sues another for an act not wrongful per se but
which may be consistent with good faith and fair dealing must
plead and prove the facts showing otherwise; he must show
some duty or obligation resting upon defendant and due from
him to plaintiff and a neglect or breach thereof, to the latter's
damage.

Oil and Gas—Duty of Lessee—Pollution of Owner's Water Supply—
Burden of Proof.
4.  A lessee of land for oil and gas purposes is under a duty
not to cause unnecessary injury to the surface of the land and
is liable in damages for a breach of that duty; he must exercise
reasonable care in an effort to prevent pollution of the lessor's
water supply, but where this is not done the burden of showing
that the lessee should have anticipated the injury and could easily
have prevented it rests upon the land owner in his action for
damages.

[81 Mont. 527.]

Same—Public Lands—Reserved Mineral Rights—United States Lease—
Implied Covenant—Breach—Burden of Proof.
  5.  Under a lease from the United States to explore patented
land .for oil and gas a covenant is implied that in the conduct
of his operations the lessee will do only such things as are
necessary and will do them in a reasonable way to avoid un-
necessary damage to the surface of the land, and for breach
thereof the patentee may hold the lessee to account, the burden
of proof being upon him to establish such breach.

Same—Destruction of Grass on Owner's Land—Complaint.
  6.  Grass being a part of the land on which it grows, an allega-
tion of damage by reason of the destruction of the surface of
the land is broad enough to include destruction of grass.

---

[1]  Mines and Minerals, 40 C. J., sec. 571, p. 984, n. 62; sec. 678,
p. 1061, n. 34.  Pleading, 31 Cyc., p. 100, n. 91.
  [2]  Mines and Minerals, 40 C. J., sec. 948, p. 1207, n. 99.  Plead-
ing, 31 Cyc., p. 103, n. 17, p. 674, n. 34.  Trial, 38 Cyc., p. 1556, n. 10.
  [3]  Pleading, 31 Cyc., p. 104, n. 20.  Torts, 38 Cyc., p. 524, n. 16,
p. 539, n. 98.
  [4]  Mines and Minerals, 40 C. J., sec. 623, p. 1019, n. 22; sec. 908,
p. 1189, n. 91.
  [6]  Mines and Minerals, 40 C. J., sec. 949, p. 1207, n. 14.

*Appeal from District Court, Toole County; John J. Greene,
Judge.*

ACTION by Ostvik Norum against the Queen City Oil Com-
pany.  Judgment for defendant and plaintiff appeals.  Af-
firmed.

*Mr. W. F. O'Leary,* for Appellant, submitted a brief and
argued the cause orally.

The burden of proof is on defendant to show that it only
occupied so much of the surface of the land as was reason-
ably incident to the removal of the oil.  "Any person who has
acquired the coal or other mineral deposits in such land, or the
right to mine and remove the same, may re-enter and occupy
so much of the surface thereof as may be required for all pur-
poses reasonably incident to the mining or removal of the coal
or other minerals."  (U. S. Stats., sec. 4589i.)  Under this
law the defendant could only occupy so much of the surface of
the land as was reasonably incident to such mining and re-
moval of the oil.  "What is necessarily incident to the opera-
tion of an oil lease is a matter of affirmative defense."

(*Pulasky Oil Co.* v. *Conner*, 62 Okl. 211, L. R. A. 1917C, 1190, 162 Pac. 466.) "The allegation in the answer is defective, in not alleging directly that the entry of the defendant, and other acts done, were for the purpose of developing and extracting oil from this land." (*Dietz* v. *Mission Trans. Co.*, 3 Cal. Unrep. 354, 25 Pac. 425; *Morris* v. *Saline County Coal Co.*, 211 Ill. App. 178.) The holder of an oil lease must protect the surface of the ground in so far as such incident does not exist. (*Gulf Pipeline Co.* v. *Pawnee Tulsa Pet. Co.*, 34 Okl. 775, 41 L. R. A. (n. s.) 1108, 127 Pac. 252.) "The right of defendant to occupy the surface of plaintiff's land for the drilling of wells and the removal of the oil is a mere easement, that right as far as is necessary to the operation of the lease was the dominant right and plaintiff's rights on the surface was the servient right in that respect." (19 C. J., p. 864.)

While this easement was secured in its lease from the government and by statute, it was only an easement of necessity. If defendant ceases to operate the lease or when the oil is all removed from the land, the easement ceases and is at an end. Consequently, the burden was on the defendant to prove that the burden imposed on the servient estate was necessary to the enjoyment of its easement. (*Hotchkiss* v. *Young*, 42 Or. 446, 71 Pac. 324.) The defendant recognized and assumed this burden by alleging a special defense of necessity. Therefore, the trial court erred in holding as a matter of law the acts of defendant as proven by plaintiff were necessary to the reasonable operation of the oil lease.

What improvements are really necessary for the profitable working of a mine and to what extent the surface may be occupied for that purpose are questions for the jury. (*Williams* v. *Gibson*, 84 Ala. 228, 5 Am. St. Rep. 368, 4 South. 350, 16 Morr. Min. Rep. 243.)

The defendant owed a duty to the plaintiff not to interfere with his water right, or to pollute the water that he had impounded, and when the defendant through its operations on the lease, through its own fault permitted refuse, sul-

phur water and other deleterious substances to flow directly into plaintiff's reservoir, it committed a wanton act and pursued a course of conduct in the handling of its business on the surface of plaintiff's land that was reckless and in utter disregard of plaintiff's rights. "The defendant is liable for all damages occasioned by permitting the wells to overflow and injure the property of another." (*Mid-Co. Gasoline Co.* v. *Back,* 95 Okl. 29, 217 Pac. 1042; see, also, *Fitzpatrick* v. *Montgomery,* 20 Mont. 181, 63 Am. St. Rep. 622, 50 Pac. 416; *Dripps* v. *Allison's Mines Co.,* 45 Cal. App. 95, 187 Pac. 448; *Hill* v. *Smith,* 27 Cal. 476; *Levaroni* v. *Miller,* 34 Cal. 231, 91 Am. Dec. 692; *Service Co.* v. *Bitter Root Irr. Dist.,* 80 Mont. 64, 257 Pac. 1038; *Devonian Oil Co.* v. *Smith,* 124 Okl. 71, 254 Pac. 14.)

*Mr. Louis P. Donovan,* for Respondent, submitted a brief and argued the cause orally.

"The grant, or reservation, of the right to operate for oil and gas carries with it, as an incident, the right to the use of the premises to an extent reasonably necessary for that purpose. Consequently, the damage to the soil, trees, or crops, upon the land which is incidental to, and the result of, such reasonable operations, is *damnum absque injuria* and no recovery can be had therefor against the operator. The lessee, however, is liable for damages to the surface resulting from the negligent, as distinguished from reasonable use." (Mills & Willingham on Law of Oil and Gas, sec. 163; *Georgia Iron Co.* v. *Jones,* 152 Ga. 849, 111 S. E. 372; *Hooper* v. *Dora Coal Mining Co.,* 95 Ala. 235, 10 South. 652; *Brown* v. *Torrence,* 88 Pa. St. 186; *Pulaski Oil Co.* v. *Conner,* 62 Okl. 211, L. R. A. 1917C, 1190, 162 Pac. 464; *Franz Corp.* v. *Fifer,* 295 Fed. (C. C. A.) 106; *Coffindaffer* v. *Hope Nat. Gas Co.,* 74 W. Va. 107, 52 L. R. A. (n. s.) 473, 81 S. E. 966.)

"It has been held that one transporting oil through a pipeline is not liable for damages resulting from leakage, if in the construction of the line, he has exercised that degree of care which would be exercised by a man of ordinary prudence under

the circumstances and conditions, if the whole risk were his own.'' (Summers on Oil and Gas, p. 673; *Jennings* v. *Davis*, 187 Fed. 703, 109 C. C. A. 451; *Walsh* v. *East Butte Copper Min. Co.*, 66 Mont. 592, 216 Pac. 641; *Frederick* v. *Hale*, 42 Mont. 153, 112 Pac. 70; *McMurray* v. *Prairie O. & G. Co.*, 159 Mo. App. 623, 141 S. W. 463; *Ohio Oil Co.* v. *Westfall*, 43 Ind. App. 661, 88 N. E. 354; *Collins* v. *Chartiers Valley Gas Co.*, 131 Pa. 143, 17 Am. St. Rep. 791, 6 L. R. A. 280, 18 Atl. 1012; *Dewey* v. *Great Lakes Coal Co.*, 236 Pa. 498, 84 Atl. 913; *Pennsylvania Coal Co.* v. *Sanderson*, 113 Pa. 126, 57 Am. Rep. 445, 6 Atl. 453.)

The oil and gas permittee and lessee has a right superior to the homestead entryman, not only to the use of the surface for his operation, but also to the use of the surface water, and he is not liable for damage done to the crops of the homestead entryman whose entry is subsequent to the date of the oil and gas prospecting permit. The Land Department has so held in a number of cases. (*Carlin* v. *Cassriel*, 50 L. D. 383; *Moss and MacCormack* v. *Humphreys*, 51 L. D. 295.)

Whatever may be the correct ruling in cases where the damage to the plaintiff's property necessarily results from the intentional and deliberate acts of the defendant the rule is settled, at least in this jurisdiction, that where the business is legitimate, and is being pursued with ordinary care and prudence, no liability is incurred by the defendant by reason of damage which accidentally results to another without negligence on the part of the defendant. (*Jeffers* v. *Montana Power Co.*, 68 Mont. 114, 217 Pac. 652; *Fleming* v. *Lockwood*, 36 Mont. 384, 122 Am. St. Rep. 375, 13 Ann. Cas. 263, 14 L. R. A. (n. s.) 628, 92 Pac. 962; *Walsh* v. *East Butte Copper Min. Co.*, 66 Mont. 592, 214 Pac. 641; *Frederick* v. *Hale*, 42 Mont. 153, 112 Pac. 70; see, also, *Jennings* v. *Davis* (1911), 187 Fed. 703, 109 C. C. A. 451; *McMurray* v. *Prairie Oil & Gas Co.* (1911), 159 Mo. App. 623, 141 S. W. 463; *Winnett* v. *Carnegie Natural Gas Co.* (1908), 37 Pa. 204; *Behling* v. *Southwest Pennsylvania Pipelines*, 160 Pa. 359, 40 Am. St. Rep. 724,

28 Atl. 777; *Todd* v. *Prairie Pipe Line Co.*, 108 Kan. 485, 196 Pac. 623; *Coffeyville Mining & Gas Co.* v. *Carter,* 65 Kan. 565, 70 Pac. 635; *Avery* v. *Wallace* (1924), 98 Okl. 155, 224 Pac. 515; *Clement* v. *United States Pipeline Co.* (1916), 253 Pa. 187, 97 Atl. 1070.)

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action for damages. Plaintiff is the owner of certain land, patent to which he obtained from the United States. The land was granted to him subject to any vested and accrued water-rights for mining purposes and the patent reserves to the United States all minerals, together with the right to prospect for, mine and remove the same.

Defendant is a corporation, engaged in prospecting for, developing and producing oil on plaintiff's land. It does so and has been doing so by virtue of an oil and gas lease from the United States. When the land was government land, the United States issued to one John N. Moore a permit to prospect on the land for oil and gas. Later, the United States granted to Moore an oil and gas lease upon the land. Defendant is the successor in interest and assignee of Moore. Moore's permit was issued, July 6, 1921. Plaintiff's patent is dated, April 6, 1923. Moore's lease was granted, July 1, 1924.

The complaint is drawn in two counts. In the first count of the complaint, plaintiff alleges his ownership of the land, subject to the provisions and reservations of his patent, and the leasehold interest therein of defendant and alleges plaintiff's appropriation, July 3, 1922, by statutory notice of appropriation, of a certain quantity of the waters of a certain coulee and alleges his continuous use thereof and a right therein and thereto; also, that he constructed, on his land and in the coulee, a reservoir, in which he impounded and stored a lot of the water so appropriated, some of which he used. He then alleges that defendant drilled oil wells on his land and, on his land and in the coulee, above his reservoir, constructed another reservoir, in which water accumulated and into which

was put refuse from its oil wells, which polluted the water therein, and that from its reservoir the polluted water escaped and ran into plaintiff's reservoir and polluted the water therein, rendering it unfit for use for any purpose, and that some of the polluted water escaped from plaintiff's reservoir and ran over plaintiff's land and poisoned and destroyed the grass on the land; that defendant laid rod lines and pipe lines on his land and ran over it wagons and other vehicles and therein dug sump holes and the like. Plaintiff further alleges that the building of defendant's reservoir was an unreasonable use of the surface of his land and was entirely unnecessary and amounted to wilful destruction of his water-right. He alleges that by reason of all thereof his land has been rendered worthless, to his damage, and, on account thereof, he asks for damages in the sum of $8,400.

In the second count, plaintiff repeats all of the allegations of the first count and, in addition, alleges that, prior to the building of defendant's reservoir, plaintiff had sold, at a certain price, to drillers of oil wells in the vicinity, large quantities of water from his reservoir and that, since the building of defendant's reservoir, on account of the pollution of his water, caused by polluted water from defendant's reservoir, he had not been able to sell so much of his water and was compelled to sell at a reduced price such as he could sell. He alleges that he has been damaged thereby and, on account thereof, asks for damages in the sum of $25,000.

Defendant demurred generally to each count of the complaint; also specially to each, on the ground of uncertainty. The demurrer, in its entirety, was overruled and defendant answered.

Each count of the complaint is answered separately. The answer to each admits the allegations thereof as to plaintiff's ownership of the land, subject to the provisions and reservations of his patent, and defendant's leasehold interest in the land and the drilling by defendant thereon of oil wells; admits that defendant has laid on the land rod lines and pipe lines;

denies generally all other allegations. For a separate and affirmative defense to both counts, defendant alleges and sets forth the prospecting permit issued to Moore and the oil and gas lease granted to him and the successorship of defendant therein and thereto and to all rights conferred by either. It alleges that, by virtue of the permit, it entered upon the land and began operations thereon, April 1, 1923, and since then, by virtue of the permit and the lease, has been engaged continuously in drilling oil wells thereon and producing oil; that it has constructed and maintained thereon works, buildings, plants, water-ways, roads, pipe lines, pumping stations, tanks and reservoirs, necessary to the full enjoyment of its rights in the premises, and has used the same in connection with its operations in prospecting for, drilling for and producing oil; that all it has done on the land has been under and by virtue of privileges conferred upon it by the prospecting permit issued and the oil and gas lease granted by the United States and by defendant held by assignment. Copies of the permit and lease are attached to and made parts of the answer. The answer specifically denies the allegation of the complaint that the construction of defendant's reservoir was unreasonable or unnecessary.

By reply, plaintiff admits the issuance to Moore of the prospecting permit and the granting to him of the oil and gas lease and the successorship in and to the rights of both of defendant and denies that defendant had any right or authority to destroy plaintiff's water course or the surface of his land or his reservoir or to pollute the water therein or to commit any of the acts complained of.

The cause was tried to the court, sitting with a jury. Counsel for defendant objected to the introduction of any evidence by plaintiff, in support of either count of the complaint, upon the ground that neither stated facts sufficient to constitute a cause of action. The objection, in its entirety, was overruled. The trial proceeded and evidence was offered and received in behalf of plaintiff.

When plaintiff rested, counsel for defendant moved the court for judgment of nonsuit upon each count of the complaint. The motion was lengthy and was detailed as to its grounds. As to each count, it gave as a ground that the count did not state facts sufficient to constitute a cause of action; also, that the evidence was insufficient to show a cause of action in favor of plaintiff and against defendant. As to the asserted insufficiency of the evidence under each count, it specified a number of particulars in which counsel contended the evidence was insufficient. The court sustained the motion, in its entirety, and ordered judgment of nonsuit and, thereupon, rendered its judgment that plaintiff take nothing, that the action be dismissed and that defendant recover of plaintiff its costs.

Plaintiff appealed from the judgment and assigns two specifications of error. The first specification relates to the action of the court in overruling objections of counsel for plaintiff to certain questions asked of plaintiff, upon cross-examination. The second assigns as error the ruling of the court in sustaining the motion for judgment of nonsuit.

We do not consider it necessary to discuss the rulings of the court to which the first specification relates or the cross-examination thereby permitted. We are not disposed to view any of those rulings as error and, if error was committed by any of them, in view of the judgment of nonsuit given, we deem it harmless. The judgment of nonsuit is the paramount question upon this appeal and we proceed to consider it.

The first ground of defendant's motion for judgment of nonsuit, as stated, is that neither count of the complaint states facts sufficient to constitute a cause of action. The trial court, upon demurrer and again upon objection to the introduction of evidence, held each count of the complaint sufficient and we are in accord with the holding.

The first count, based upon certain alleged acts of defendant, is for recovery of damages for alleged destruction of the surface of plaintiff's land. We take it the reasonable meaning of the allegation of destruction of the surface of the land

is that the usefulness of the surface is destroyed. The second count, based upon the identical acts alleged in the first count and a few additional, is for recovery of damages for alleged pollution of water in plaintiff's reservoir.

Defendant had a right to be on plaintiff's land. It was [1] there under and by virtue of a lease from the United States. The United States had a right to give the lease. By its terms, the lease gave defendant the right and privilege to drill for, extract, remove and dispose of all the oil and gas deposits in or under the land in question. It specified that it gave defendant the right to construct and maintain thereon "all works, buildings, plants, water-ways, roads, telegraph or telephone lines, pipe lines, reservoirs, tanks, pumping stations or other structures necessary to the full enjoyment" of its right and privilege above mentioned. Therefore, defendant, in the prosecution of its operations, had a right to do all such things, above enumerated, as were necessary to its operations. Hence, defendant had a right to do all the things charged to it, if necessary (Mills & Willingham on Law of Oil and Gas, 252, and cases cited) and, we take it, if done in a reasonable way.

Furthermore, defendant having a right to be on the land and to do such things as it did, if necessary and if reasonably done, the complaint should charge they were not necessary or were done in an unreasonable way. (1 Bancroft's Code Pleading, 72; 31 Cyc. 100 et seq., and cases cited.)

Proceeding on that premise, we examine the counts of the [2] complaint. There is much in each that does not measure up to the foregoing requirements. However, the first count, after alleging many acts of defendant that, it is alleged, were detrimental and damaging to plaintiff's land, grass and water, most of which are attributed to the construction by defendant of its reservoir on plaintiff's land, construction of which is alleged, says the building of the reservoir "was an unreasonable use of the surface of said land and was entirely unnecessary." It further says that the reasonable value of plaintiff's

land before the construction of the reservoir was $35.00 per acre and that since the building of the reservoir and the poisoning of his grass by water therefrom, as alleged, the land is worthless and the surface thereof is destroyed and that by reason of the destruction of the surface of the land he is damaged. We think that alleges a cause of action. The second count contains the same allegations and some additional, with reference to alleged pollution of plaintiff's water, and alleges that by reason of the pollution of the water in plaintiff's reservoir he is damaged. We think it states a cause of action. We hold untenable the first ground of the motion for judgment of nonsuit.

The next ground, as to each count, is asserted insufficiency of the evidence and we now analyze the evidence, to see if there is substantial evidence to support the allegations of the respective counts.

We take up first the first count, to see if it, in all its material allegations, is supported by any substantial evidence. The defendant having a right to be on the land and having had a right to do the things it did, if necessary to its operations and if done in a reasonable way, the particular point in question is if there is any substantial evidence that what it did was not necessary or was not done in a reasonable way, as alleged in one respect. The only act of defendant which is alleged to have been unnecessary and unreasonable is the building of its reservoir and, we suppose we may infer, the uses to which it was put; a necessary and material allegation. Let us see if that allegation is supported by any evidence.

Careful search of the mass of reported testimony in the record fails to show one word of testimony from any witness to the effect, direct or inferential, that the construction of defendant's reservoir was unnecessary to the operations of defendant or that the reservoir was constructed in an unreasonable manner or that it was put to unnecessary use or was used in an unreasonable way. That being the case, it is unnecessary for us to determine if there is any evidence that any use to

which it was put destroyed the surface of plaintiff's land or any part of it or reduced the value of the land or any part of it. We hold, therefore, there was a failure of proof under the first count of the complaint.

We take up now the second count. In that count we encounter the same allegations as in the first. It alleges again that the building of defendant's reservoir "was an unreasonable use of the surface of said land and was entirely unnecessary." Then follows the allegation that by reason of the uses to which the reservoir was put the water in plaintiff's reservoir, below defendant's, was polluted so it could not be used and became worthless and dangerous and that thereby plaintiff was damaged.

The same evidence applies to this count as to the first and again we say careful study of the record fails to show a word of testimony to the effect, direct or inferential, that the construction of defendant's reservoir was an unreasonable use of the surface of the land or was unnecessary in any degree or at all or that it was put to unnecessary use or was used in an unreasonable way. Hence, it is unnecessary for us to determine if there is any evidence that any use to which it was put polluted the water in plaintiff's reservoir and made it worthless or dangerous and thereby damaged plaintiff. Therefore, we hold there was a failure of proof under the second count.

The particulars in which we have decided the evidence to be insufficient as to each count were specified, among others, in support of the motion for judgment of nonsuit and were before the trial court.

Counsel for plaintiff contends that this is the wrong theory of the case. He insisted below and he insists here that all that it was necessary for plaintiff to prove was the acts of defendant and damage resulting therefrom and then, he contends, it was for defendant to prove that its acts were necessary to its operations and were done in a reasonable way. In view of that attitude of counsel for plaintiff, we are at a loss to understand why he alleged that the building of de-

fendant's reservoir was an unreasonable use of the surface of the land and was entirely unnecessary. We do not know upon what theory he believed it necessary to make that allegation and unnecessary to prove it. It is an affirmative allegation; it is denied by the answer. Each party must prove his own affirmative allegations. (Sec. 10530, Rev. Codes, 1921.) Counsel must have believed the allegation material, in which we agree, or he could have had no object in making it. Every material allegation of a complaint must be proven. (31 Cyc. 674.) Proven by whom? The party making it. (Sec. 10530, supra.)

However, we do not concur in counsel's contention, above referred to, and the authorities do not support it. In the first place, plaintiff alleges that defendant was on the land by permission of the United States (which, he admits, had reserved all mineral rights), to drill oil and gas wells, and then makes his allegation that the building of the reservoir was an unreasonable use of the land and was unnecessary and caused his damage; a proper and essential allegation we hold.

Plaintiff having alleged the reservoir was an unreasonable use and was unnecessary and that it was the cause of his damage and it being a proper and essential allegation, it devolved upon him to offer evidence thereof. The gravamen of plaintiff's cause of action, in each count of his complaint, is not only that defendant did the acts complained of; that is not enough; but that they were unnecessary or were done in an unreasonable way. Clearly, without that qualification, plaintiff had no grievance against defendant. If everything defendant did was necessary to its operations and reasonable, plaintiff had no cause of action. Plaintiff was required to plead and prove everything necessary to his causes of action. (31 Cyc. 100 et seq., and cases cited; *Griffin* v. *Chicago, M. & St. Paul Ry. Co.*, 67 Mont. 386, 216 Pac. 765; *Union Bank & Trust Co.* v. *Himmelbauer*, 68 Mont. 42, 216 Pac. 791.) It was necessary that plaintiff allege and prove some wrongful act, giving rise to a liability on the part of defendant. (31 Cyc. 103, and cases

[3] cited.) One who attacks an act not wrongful *per se* but which may be consistent with good faith and fair dealing must plead and prove the facts giving it a different character. (*Hughes* v. *Murdock,* 45 La. Ann. 935, 13 South. 182.) Some duty or obligation must be shown to rest upon defendant and be owing by defendant to plaintiff and a neglect or breach thereof, to plaintiff's damage. (31 Cyc. 104, and cases cited; *Griffith* v. *Chicago, M. & St. Paul Ry. Co.,* supra; *Jeffers* v. *Montana Power Co.,* 68 Mont. 114, 217 Pac. 652.)

In the case at bar, defendant owed to plaintiff the duty to [4] do only what was necessary to its operations and to do it in a reasonable way. "A lessee of land for oil and gas purposes is under a duty not to cause unnecessary injury to the surface of the land and is liable in damages for a breach of that duty." (Summers on Oil and Gas, 674.) If this defendant breached that duty, the burden of proof thereof was on plaintiff. (*Jeffers* v. *Montana Power Co.,* supra.)

In treating of commingling of waters and consequent pollution (the very act here complained of), in oil production, Thornton's Law of Oil and Gas, fourth edition, 1648, citing authorities, says: "The person injured by the commingling of the waters may recover damages by alleging and proving [note, prove, as well as allege] that the act of the owner was malicious or that the pollution was not necessary to the enjoyment of the well or that the defendant did not exercise due care to avoid the injury or that he knew the neighboring water wells were supplied by a stream of clear water underlying his land and further knew that there was a deeper stratum of salt water, which, when penetrated, would likely rise and mingle with fresh water and that such defendant, at a reasonable outlay, could have prevented the commingling of the water and he failed to use the means available to him therefor or that the expense of preventing the damage, though large in actual amount, was small in proportion to the gain of the owner of the well." The burden of proof resting on plaintiff in the

case at bar is light, as compared with the burden there placed on a plaintiff.

"If the plaintiff showed that the injury was plainly to be anticipated and easily prevented with reasonable care and expense, he brought himself within the exception." (*Collins* v. *Chartiers Valley Gas Co.*, 131 Pa. 143, 17 Am. St. Rep. 791, 6 L. R. A. 280, 18 Atl. 1012.) It is observable there the burden was put on plaintiff.

It is certainly an implied covenant of defendant's lease from [5] the government that, in the conduct of its operations, it will do only such things as are necessary thereto and will do them in a reasonable way and that it will not do any unnecessary damage to the surface of the land. The government could hold the defendant thereunto, if title to the land were still in the government. Plaintiff is the government's grantee, as to his ownership of the land, and the beneficiary of that covenant and is entitled to enjoy, in the premises, all the rights of his grantor, the government. Therefore, if the government, defendant's lessor, could hold defendant to account for a breach of the implied covenant of his lease, plaintiff can; but only in the same way. Mills and Willingham on Law of Oil and Gas, 163, says: "The burden of proof is upon the lessor to establish a breach of the implied covenants of the lease." Plaintiff, being the lessor's successor as to ownership of the land, has on him, likewise, that burden.

To like effect, we could cite and quote from many other authorities but it is not necessary. The great weight of authority is in line with that upon which we have drawn. Plaintiff saw fit to make the allegation under discussion. It is material. He made no attempt to prove it. Counsel for plaintiff contends that to have required him to prove it would have put upon him an undue burden. We do not think so. It was not a matter available only to defendant or wholly or peculiarly within the knowledge of defendant. If true, the allegation was susceptible of proof by plaintiff. So

much as regards plaintiff's allegation about defendant's reservoir being unnecessary and unreasonable and the fact that no evidence in support thereof was offered.

In each count of his complaint, plaintiff makes allegations of a number of acts of defendant, other than those connected with defendant's reservoir and which, he alleges, damaged him; such as running vehicles over his land, laying thereon pipe lines and sinking therein sump holes. However, by the authorities cited hereinbefore, it is shown that it is required to be both alleged and proven that those acts were unnecessary or were done in an unreasonable way. Plaintiff did neither and he did not attempt to do either. Therefore, the allegations of the bare acts avail him naught.

Counsel for plaintiff, in support of his contention that he did not have to do more than prove the acts and consequent damage, has cited a number of authorities but careful examination of them shows they are not applicable or do not support his contention. At least, the great weight of authority is against him.

In their briefs, counsel devote much attention to the allegation and the proof of destruction of grass on plaintiff's land. There is no allegation of damage on account of the destruction of grass, as such. The *ad damnum* clause of the first count alleges damage by reason of the destruction of the surface of the land. The *ad damnum* clause of the second count alleges damage by reason of the pollution of water.

Grass is a part of the land on which it grows and any destruction of grass on plaintiff's land was damage to the land. [6] (*Kiehl* v. *Holliday*, 77 Mont. 451, 251 Pac. 527.) The allegation of destruction of grass comes under the head of alleged destruction of the surface of the land and resultant damage and, as we have shown, such does not avail plaintiff, because the alleged damage to the land comes, as alleged, from the construction and use of defendant's reservoir and, while it is alleged the construction of the reservoir was an unreasonable

use of the surface of the land and was entirely unnecessary, there is no evidence to sustain the allegation. That failure of proof applies to any damage by destruction of grass.

It is not necessary to notice any of the many other points raised and discussed by counsel. Some of them involve serious questions, one such being the question of the right to impound the water of a flowing stream and sell it, but they need not be decided.

We hold the trial court did not err in sustaining the motion for judgment of nonsuit and rendering judgment accordingly and the judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Stark, Matthews and Galen concur.