BARDON, Appellant, vs. O'BRIEN, Respondent.

*April 1—October 5, 1909.*

*Deeds: Construction: Reservation or exception: Growing timber.*

In a conveyance of land, a clause "reserving the pine and cedar
    timber now growing or being thereon and the right to cut and
    remove the same" is an exception, not a reservation. The tim-
    ber remains the property of the grantor, together with a right
    in so much of the soil as is necessary to sustain it, and he is
    not bound to remove it within a reasonable time.

APPEAL from a judgment of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Reversed.*

This action was brought to recover the value of pine and
cedar timber which had been cut by the defendant from the
N. E. ¼ of section 23, town 48 N., range 10 W., in Douglas
county, and which the plaintiff claimed he owned under a
reservation in a deed made by him to Michael Murray, dated
January 10, 1894, which reservation reads as follows: "Re-
serving the pine and cedar timber now growing or being
thereon and the right to cut and remove the same." On
January 11, 1894, Murray conveyed an undivided two-thirds
of the land to one Howard, excepting the pine and cedar tim-
ber and the right to cut and remove the same, and on Febru-
ary 12, 1894, he quitclaimed to Howard an undivided two-
thirds without reservation. The defendant claims under
mesne conveyances from Howard and wife to one E. H. Lee,
and by timber deed from Lee dated November 4, 1907. No
conveyance of the undivided one-third interest remaining in
Murray was shown. On August 3, 1898, the plaintiff sold
to William J. Conness such pine timber as Conness should
cut and remove from said land by May 1, 1901. During the
winters of 1898–99 and 1899–1900 one Smith cut and re-
moved certain pine from the land under the Conness permit.
None of the cedar and no other pine than that taken by Smith

was sold by the plaintiff or removed under sale or permit. from him. The court found as follows:

"(1) That on and prior to January 10, 1894, the plaintiff was the owner of the N. E. ¼ of section 23, township 48 N., range 10 W., in Douglas county, Wisconsin, and of all of the timber thereon; that on the 10th day of January, 1894, the plaintiff conveyed said land to one Michael Murray by warranty deed containing the following reservation: 'reserving the pine and cedar timber now growing and being thereon and the right to cut and remove the same;' that the defendant, through mesne conveyances from and under Murray and prior to the cutting of any timber by him, became the owner of all of the timber upon said land without actual notice or knowledge of any claim on the part of the plaintiff under said reservation.

"(2) The court finds that the defendant in the early part of the year 1907, in the winter, and in the following winter in the early part of the year 1908, cut and removed from the N. E. ¼ of section 23, in township 48 N., range 10 W., pine and cedar timber of the value of $375.

"(3) That the plaintiff did not say to John G. Howard at any time that he had exercised his rights under the reservation, had sold or cut the timber under said reservation, or anything in substance like this, and did not have the conversation with the witness John G. Howard as testified by him.

"(4) That in the month of August, 1898, the plaintiff sold to one Conness all of the pine timber upon the land above described which should be cut within a period of two years from date of such sale, and thereafter said Conness resold the same to one Smith, and said Smith thereafter, and in the winter of 1898 and 1899, cut over the land for the pine timber, taking off all of the pine timber which, in the usual course of business at that time, was deemed merchantable for lumbering purposes; that except as above the plaintiff has not sold or cut, or permitted the cutting of, any of the timber from said land.

"(5) That the plaintiff did not, except as to the pine timber sold to Conness, cut or remove, or attempt to cut or remove, the timber mentioned in the reservation, and that a reasonable time for the cutting and removing of the timber

under the reservation had expired before the defendant purchased the timber upon said lands and before he cut or removed the timber or any part thereof.

"(a) That the plaintiff's deed to Michael Murray, containing the reservation of timber as set forth in the answer herein, was duly recorded in the office of the register of deeds for Douglas county, Wisconsin, on the 12th day of January, 1894, in Book 12 of Deeds, on page 542.

"(b) That all of the pine and cedar timber cut and removed by the defendant from said land was situated or growing thereon at the time of said reservation, and that none of the cedar timber situated or growing upon said land at the time of said reservation was ever cut or removed by the plaintiff or by any one claiming under him under said reservation.

"(c) That said land at all times remained vacant and unoccupied, except as it was occupied for logging purposes by one Smith under the Conness permit in the winter of 1898–99, and temporarily by the defendant in the winters of 1906–7 and 1907–8, in the removal of the timber thereon.

"(d) That said pine and cedar timber, while remaining on the land, did not interfere with any proposed or attempted use of the land by the owners thereof.

"(e) That said pine and cedar timber so cut by the defendant constituted a very small part of the total timber on said land, and could not have been removed economically if logged separately from other timber.

"(f) That no logging operations had taken place on said land between the removal of certain pine under the Conness permit and the logging by the defendant in the winters aforesaid.

"(g) That there was no oral or written agreement at any time between plaintiff and said Murray, or those claiming under the latter, relating to the removal of the timber by plaintiff, other than such as is contained in the deed to said Murray.

"(h) That the plaintiff was never notified or requested by the owners of said land to remove said timber."

And as conclusions of law the court found:

"(1) That the proper construction of the reservation in the conveyance by the plaintiff to Michael Murray on January

10, 1894, in the light of the circumstances and in accordance with the intention of the parties, is that the plaintiff reserved all the pine and cedar timber upon said land which he should cut and remove within a reasonable time after such conveyance, and that, a reasonable time having expired prior to the cutting of any of the timber by the defendant, the plaintiff had no title thereto or interest therein.

"(2) That the plaintiff is not estopped from asserting title to the timber under said reservation by reason of any conversation with John G. Howard or any other person.

"(3) That the plaintiff is not entitled to recover in this action, but the defendant is entitled to judgment dismissing the action upon the merits, with costs."

Appellant filed exceptions to the findings of fact and conclusions of law, and judgment was entered in favor of the defendant, dismissing the action upon the merits, from which this appeal was taken.

For the appellant there was a brief by *W. E. Pickering* and *W. B. Kellogg*, and oral argument by *Mr. Kellogg*.

For the respondent there was a brief by *Luse, Powell & Luse*, and oral argument by *L. K. Luse*.

The following opinion was filed April 20, 1909:

KERWIN, J.    The vital question in this case is whether, under the clause in the deed reserving the pine and cedar timber, the grantor was bound to remove it within a reasonable time.    There is considerable conflict of authority on the question, many cases holding that such a clause amounts to a reservation and not an exception, and that the timber reserved is only such as shall be removed within a reasonable time, while others hold that such a clause amounts to an exception of the timber from the grant.    The phrase "excepting and reserving" is commonly used in deeds, and is sometimes held to amount to an exception of part of the property which is the subject of conveyance, and sometimes to a reservation out of the estate conveyed, depending largely

upon the intention of the parties, the subject matter of the grant, whether the thing excepted or reserved is a thing newly created out of the lands and tenements granted, or part of the property in existence and excepted therefrom. *Prichard v. Lewis,* 125 Wis. 604, 104 N. W. 989. Many cases are cited by respondent from other states holding that, under reservations similar to the one here, the timber was not excepted, but only the right to enter and cut it, and that when no time limit is specified for the entry and cutting the law implies that a reasonable time was intended. But the doctrine of this court in *Rich v. Zeilsdorff,* 22 Wis. 544, is not without support in other jurisdictions. *Knotts v. Hydrick,* 12 Rich. Law, 314; *Sears v. Ackerman,* 138 Cal. 583, 72 Pac. 171; *Whitaker v. Brown,* 46 Pa. St. 197; *Winthrop v. Fairbanks,* 41 Me. 307; *Clap v. Draper,* 4 Mass. 266; *North Ga. Co. v. Bebee,* 128 Ga. 563, 57 S. E. 873; *Starr v. Child,* 5 Denio, 599; *State v. Wilson,* 42 Me. 9; *Craig v. Wells,* 11 N. Y. 315.

At an early day this court, in *Rich v. Zeilsdorff, supra,* held that a clause in a deed reserving to the grantor the timber with the right to enter and cut it is an exception of the timber with sufficient interest in the soil to sustain it. In that case the reservation was, "reserving the right to cut and remove all the pine timber or trees upon said premises and half of all cedar trees upon said premises, and the right is hereby reserved by the party of the first part to enter upon said lands at any time within two years next succeeding the date of this instrument for the purpose of cutting and removing the trees or timber so reserved." The opinion is rested upon the fact that the *right* to cut and remove only is reserved and not the *timber.* The distinction between an exception and a reservation is discussed, and the court said:

"A reservation is always of something taken back out of that which is clearly granted, while an exception is some part of the estate not granted at all."

Bardon v. O'Brien, 140 Wis. 191.

And it is held that where the timber is reserved it is an exception, since the timber is part of the realty and would have passed to the grantee but for the exception, and that the property in the timber continues in the grantor, with the right in so much of the soil as is necessary to sustain it. In the *Rich Case* this court draws the distinction between a case where the timber is reserved and the right to cut and remove it, and holds that where the timber is reserved the reservation is an exception, since the thing reserved is a part of the realty. This doctrine was again stated and approved in *Williams v. Jones,* 131 Wis. 361, 111 N. W. 505, which case was approved in the late case of *Western L. & C. Co. v. Copper River L. Co.* 138 Wis. 404, 120 N. W. 277.

It seems clear, therefore, that a reservation of timber in a deed similar to the one before us, under the decisions of this court, amounts to an exception of the timber from the grant. Many of the authorities cited by counsel for respondent support his contention, namely, that reservations similar to the one in the instant case have been held to reserve only such timber as should be cut within a reasonable time. But we think this court is committed to the doctrine that such a reservation of timber amounts to an exception from the grant of the timber thus reserved, and that the rule should not now be departed from. We must therefore hold that the pine and cedar timber was excepted from the grant and remained the property of the plaintiff, and therefore he was entitled to judgment.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with instructions to render judgment for the plaintiff for $375 and costs.

DODGE, SIEBECKER, and TIMLIN, JJ., dissent.

A motion for a rehearing was denied October 5, 1909.