MURPHY and wife, Appellants, vs. SUNSET HILLS ASSOCIATION, Respondent.

*April 14—May 18, 1943.*

140

The cause was submitted for the appellants on the brief of *Norman L. Miswald* of Milwaukee, and for the respondent on the brief of *Lewis G. Brown* and *Sturgis P. Taggart,* both of Lake Geneva.

ROSENBERRY, C. J.    July 29, 1931, W. H. Savery, M. H. Jones, and E. F. Barnes, trustees for Jones & Winter Company, conveyed to A. E. Northberg and Mathilda Northberg the premises in question.    The deed contained the following clause :

"Reserving and excepting therefrom that part of lots 32 and 33 on which there is now located a water tank and pump

station and well for the water supply of Lake Geneva Knoll and Sunset Hills, with pipe supply therefrom, for said subdivision and that there is here reserved the well and pumping plant and the right of maintaining the same, with ingress and egress thereto. The second party shall at all times be supplied with water therefrom while or when said plant is operating and this reservation and the rights of both parties herein set forth shall run with the land or as long as said pumping station shall be used as is herein set forth. . . .

"That said premises shall be used for residential purposes only, and subject further to the limitations, conditions, building line and other restrictions contained in the plat of said subdivision, and all the rules and regulations which may hereafter be made by any association of owners of a majority of the lots in said subdivision concerning the use of the private drives, walks, parks and places shown upon said plat and all of which conditions, limitations and restrictions shall be construed as covenants which run with the land and shall be binding on said parties of the second part, their heirs, devisees, successive grantees and assigns."

July 11, 1934, the defendant filed its articles of incorporation dated June 8, 1934. By its articles it was empowered to do certain things which are not material in the consideration of questions raised on this appeal. No question is raised as to the corporate capacity of the defendant. The plaintiffs are not members of the defendant corporation.

May 29, 1935, M. H. Jones and E. F. Barnes, individually and as trustees of Jones & Winter Company, conveyed to the defendant the following described lands, together with other lands not in question:

"That part of lots 32 and 33 in the Lake Geneva Knoll subdivision situated in section 33, township 2 north, of range 17 east, Walworth county, Wisconsin, on which there is now located a water tank and pump station and well for the water supply for the six (6) customers on Lake Geneva Knoll, previously sold by Jones & Winter Company and Sunset Hills and Sunset Hills B. subdivisions."

April 14, 1936, A. E. Northberg and Mathilda Northberg conveyed to the plaintiffs lots 32 and 33,—

"excepting that part of lots 32 and 33 conveyed by deed dated May 29, 1935, . . . in volume 240 of deeds on page 169, Walworth county records.

"Also, subject to all restrictions now of record in said Walworth county records."

The plaintiffs have resided on the premises for the last seven years, their residence being located partly on lot 32 and partly on lot 33, and maintained as an all-year-round home. The pump house is south of the residence and located on lot 32.

In addition to lots 32 and 33, the plaintiffs owned lots 44, 45, 30, and 31. In their prayer for relief the plaintiffs prayed that judgment might be entered as follows: (1) That their title to the property in question be quieted as against any claim of the defendant; (2) that all reservations and exceptions be abated and vacated and declared to be no longer of any force or effect; (3) that the defendants be forever barred from claiming any easement, title, interest, or claim to the premises adverse to the plaintiffs, and in the alternative, that the description of the plaintiffs' land be reformed and definitely described and that they have reformation and correction of all conveyances affecting the same.

The plaintiffs' prayer for reformation was denied by the trial court for the obvious reason that the necessary parties are not before the court. No claim is made that there was a mutual mistake of the parties or that the grantors were guilty of fraud or inequitable conduct.

On this appeal several contentions are stated but no attempt is made to state the questions involved as required by Rule 6 (2). If the rule had been complied with, much irrelevant matter contained in the plaintiffs' brief on appeal would undoubtedly have been omitted.

We shall first consider whether the clause contained in the deed from Savery, Jones, and Barnes to the Northbergs is an exception or a reservation. Plaintiffs contend that it is a reservation and therefore not assignable. This contention cannot be sustained. While there is a distinct difference between an exception and a reservation, the words are often used interchangeably. A reservation is something taken back from the grant while an exception is some part of the estate described in general terms in the deed which is not granted. *Pritchard v. Lewis* (1905), 125 Wis. 604, 104 N. W. 989; *Bardon v. O'Brien* (1909), 140 Wis. 191, 120 N. W. 827; *Jones v. Hoffman* (1912), 149 Wis. 30, 134 N. W. 1046.

Whether a conveyance creates a reservation or exception depends largely on the language used and its application to the subject matter of the particular instrument under consideration. *Ogden v. Straus Building Corp.* (1925) 187 Wis. 232, 202 N. W. 34. It is obvious that the clause contained in the deed to the Northbergs as to the land upon which the tank, pump, and well are located, is an exception; that the right to maintain the pumping plant with the right of ingress and egress thereto as stated in the deed is a reservation for the benefit of the grantors in maintaining and operating the well located on the land excepted from the grant. It created an easement which is appurtenant to the land described in the exception.

All the deeds were recorded, the deed from Jones & Winter Company to the defendant being recorded June 29, 1935, the deed from Jones & Winter Company to the Northbergs being recorded July 29, 1931, and the deed from the Northbergs to the plaintiff being executed on April 14, 1936, and recorded April 17, 1936. In addition to that at the time plaintiffs purchased lots 32 and 33, the lands excepted from the grant were occupied by a well, pumping station, and water-supply system then being operated by the defendant. The plaintiffs not only had constructive notice that part of the

land was excepted from the grant but also actual notice thereof by reason of the occupation of the lands in question by the defendant. With the lands conveyed to the defendant went the rights reserved and appurtenant thereto as described in the deed given May 29, 1935, by Jones and Barnes to the defendant. It is clear that the plaintiffs acquired the lands in question subject to the exception of the land upon which the well and pumping station are located and subject to all the rights reserved in the deed by which the plaintiffs' grantor acquired title, said deed being dated July 29, 1931. So far as this controversy is concerned, it is immaterial whether the deed from Jones and Barnes, dated May 29, 1935, to the defendant, conveyed all the rights excepted and reserved in the deed dated July 29, 1931. For a parallel case see *Elsea v. Adkins* (1905), 164 Ind. 580, 74 N. E. 242.

Other contentions are made by plaintiffs which have no bearing upon the questions for decision in this case, such as that the articles of incorporation were inconsistent with plaintiffs' rights, that no survey was made for tax purposes and the like, and for that reason are not considered.

*By the Court.*—Judgment affirmed.