SCHUMSKI and wife, Appellants, v. VILLAGE OF HALES
CORNERS, Respondent.

*September 6—October 3, 1961.*

For the appellants there was a brief and oral argument by *Eugene A. Kershek* of Milwaukee.

For the respondent there was a brief and oral argument by *John J. Burke* of Milwaukee.

BROADFOOT, J.   In its memorandum decision the trial court stated that the issues as defined by the parties were:

"(1) Whether the municipalities in which the disputed land has been situated ever accepted the reservation for street purposes prior to the conveyance to the plaintiffs.

"(2) Whether the conveyance to the plaintiffs on April 29, 1955, omitting the reservation of the east 30 feet for street purposes, operated as a revocation of the street dedication.

"(3) Whether the defendants are estopped from asserting any rights under the formal resolution of acceptance of October 27, 1958."

All three issues were resolved against the plaintiffs, and upon this appeal they raise the same issues, together with a claim of error on the part of the trial court in admitting certain evidence by Robert Wolff.

The second issue is the controlling one in the case. In support of their contention that the conveyance to the plain-

tiffs omitting the reservation of the east 30 feet for street purposes operated as a revocation of the street dedication the plaintiffs cite *McKenzie v. Haines,* 123 Wis. 557, 102 N. W. 33. It is argued that the opinion in that case indicates that a successor in title has a right to withdraw a prior common-law dedication by eliminating it from a subsequent deed, and the trial court, in referring to the *McKenzie Case,* failed to acknowledge that the grantee in that case revoked the offer by a subsequent conveyance, as are the facts in the case at bar.

We cannot see that any such conclusion is warranted from a reading of the opinion in the *McKenzie Case.* In that case one Flanders, who owned a large tract of land, conveyed a parcel thereof to one Butterfield in which he reserved certain portions of the conveyed land for public highway purposes. The court held this was a standing offer showing Flanders' intent to dedicate the reserved land for highway purposes. The opinion states that the offer was never accepted and it could have, of course, been withdrawn before acceptance. In 1880 Flanders conveyed the reserved land to one Quimby. The question in the case was whether the evidence showed acceptance by the public before that withdrawal in 1880. The court held that it did not. There is no determination that a subsequent grantee could have released the original offer to dedicate.

The plaintiffs further point to the distinction between a reservation and an exception. That distinction has been discussed in several cases, including *Ogden v. Straus Bldg. Corp.* 187 Wis. 232, 202 N. W. 34, and *Murphy v. Sunset Hills Asso.* 243 Wis. 139, 143, 9 N. W. (2d) 613.

In the *Murphy Case* this court said:

"While there is a distinct difference between an exception and a reservation, the words are often used interchangeably.

A reservation is something taken back from the grant while an exception is some part of the estate described in general terms in the deed which is not granted."

On page 261 of the *Ogden Case, supra,* is the statement that in case of a reservation the language used should be construed most favorably to the original grantor. Although the Conrad heirs conveyed title to the entire parcels to Wolff, they withdrew something therefrom by their deeds. Wolff's rights are to be determined from his deeds. Nothing therein gave him any right to convey what he did not receive nor to revoke something expressly reserved by his grantors. Plaintiffs had constructive notice thereof because the Wolff deeds were recorded. The fact that the plaintiffs received a title policy failing to show the reservation cannot affect the rights of the Conrad heirs nor of the public.

The plaintiffs also rely upon a quotation from 16 Am. Jur., Dedication, p. 376, sec. 29, as follows:

"Subject to the provisions of statutes relating to dedication covering the manner of revocation thereunder, revocation may be evidenced by various acts of the dedicator, inconsistent with the purpose for which it is claimed the land was dedicated, or the acts may be those of the successor in title."

Included in the paragraph is a short sentence which was not cited, which reads as follows:

"Not all acts amount to a revocation."

Supporting the statement that the acts may be those of the successor in title are two California cases, one of which is *Eltinge v. Santos,* 171 Cal. 278, 152 Pac. 915, also cited in plaintiffs' brief. The facts in the present case are different and the citation is not convincing.

In 16 Am. Jur., Deeds, p. 611, sec. 304, appears the following:

"A right or interest reserved in a conveyance will be effective as against all who deraign title through the grantee, although the reservation is not expressed in subsequent deeds."

That statement is supported by reference to cases in six states. It is further supported by a statement in 11 McQuillin, Mun. Corp. (3d ed.), p. 750, sec. 33.60:

"A revocation can only be made by the one creating the dedication, i.e., the original grantor."

The reservations were made by the Conrad heirs for their benefit and for the benefit of persons acquiring tracts from them. The fact that the reservation was omitted from the Wolff deed to the plaintiffs could not operate as a revocation of the offer to dedicate made by the Conrads. They were the only ones who could withdraw the reservation prior to acceptance. There was no valid revocation of the offer to dedicate the 30-foot strip for road purposes and on October 27, 1958, the village board formally accepted said continuing offer.

The plaintiffs further contend that the village should be estopped from asserting any rights to the 30-foot strip of land against the plaintiffs. · This is based on the fact that the testimony shows that the plaintiffs always claimed the land adversely to the municipality and that the municipality had knowledge thereof on at least three occasions. The first of said occasions was in May, 1955, when they applied for rezoning of the property; the second was on March 7, 1957, when the village attorney asked for a quitclaim deed to the 30 feet; and the third occasion being October 27, 1958, when the attorneys conferred. No authorities are cited that such adverse claim of title for the period that existed between

the acquisition of the land by the plaintiffs in April, 1955, and the commencement of the action in November, 1958, could bar the rights of the village or of the Conrad heirs. We know of no such statute of limitations. We see no merit in this contention. The trial court properly disposed of that issue.

As to the claim that the trial court erred in admitting certain testimony of the witness Wolff, we hold that it did not affect the result in the case. We have disregarded his testimony and have reached the same conclusion reached by the trial court.

The first issue was resolved in favor of the defendants. We do not deem it to be a determinative issue and shall not discuss it. It is our determination that the result reached by the trial court was correct.

*By the Court.*—Judgment affirmed.