Les Lee R. LUCARELI, Plaintiff-Appellant,

v.

Leigh M. LUCARELI and Robert E. Lucareli,
Defendants-Respondents.

Court of Appeals

*No. 99–1679. Submitted on briefs March 28, 2000.—Decided
May 17, 2000.*

2000 WI App 133

(Also reported in 614 N.W.2d 60.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James H. DuRocher* of *DuRocher Law Offices, S.C.*, of Racine.

On behalf of the defendant-respondent Robert E. Lucareli, the cause was submitted on the brief of *R. Christopher Sharp* of *Sharp & Sharp, S.C.*, of Racine.

On behalf of the defendant-respondent Leigh M. Lucareli, the cause was submitted on the brief of *Mark R. Hinkston* of *DeMark, Kolbe & Brodek, S.C.* of Racine.

Before Brown, P.J., Anderson and Snyder, JJ.

¶ 1.  BROWN, P.J.   Here, a grantor of a deed to real estate attempted to reserve to herself the power to appoint the subject property. The attempted reservation was part of an estate planning divestiture strategy. The idea was to convey the property so that the grantor could remain eligible for aid but at the same time maintain control over the property. The

vehicle by which the grantor sought to maintain control was a power of appointment contained in a warranty deed. In other words, the grantor purported to convey the property in fee simple to the grantees while at the same time reserving the right to give the property to others. The reservation is repugnant to the grant and the grant controls. Furthermore, the warranty deed was signed by the grantor's attorney-in-fact, but that person did not have authority to exercise power of attorney in his own favor. The execution was thus invalid under WIS. STAT. § 706.03(1m) (1997–98)[1] and the conveyance is void. Since the property was never conveyed, it remains in the now-deceased grantor's estate and should be disposed of accordingly. We affirm that part of the circuit court's decision that declares the power of appointment invalid but reverse that part that gives effect to the deed.

¶ 2.    The relevant facts are not in dispute. Lucille L. Lucareli had three sons: Les Lee, Leigh and Robert. She was the sole owner in fee simple of real estate located on Layard Avenue in Racine, which she occupied as her home until August 1997, when she moved in with her son Les Lee. On February 15, 1996, while she still lived in the house, Lucille appointed Les Lee as her agent by executing a Durable Financial Power of Attorney (DFPOA). Under the terms of that document, Les Lee had various powers but was expressly prohibited from exercising any power in favor of himself. Later that month, Les Lee, as attorney-in-fact for Lucille, executed a warranty deed conveying to each of the three sons a one-third interest in the Layard Avenue property. In that same document, Lucille reserved to herself the power to appoint the property to her

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

issue. Lucille exercised the power to appoint in September 1997, when she signed a document purporting to "remove from this Warranty Deed and from ownership of the house, my son, LEIGH M. LUCARELI, and my son, ROBERT E. LUCARELI." The document further stated that because Lucille had exercised the power, "only my son, LES LEE R. LUCARELI, receives this property." Les Lee tried to sell the house in late 1997 but could not get title insurance because of the power of appointment clause contained in the warranty deed. Les Lee brought this action to establish his claim to title against any claim by his brothers. The trial court concluded that the warranty deed was invalid as to Les Lee because of the DFPOA's limitation on self-gifting. The trial court also concluded that the deed's reservation of the power to appoint was unenforceable because the deed completed a transfer and gift to Leigh and Robert which could not be affected by the subsequent exercise of the power of appointment.

¶ 3.   Les Lee claims that he had authority to execute the deed to all three grantees, including himself, despite the limitation in the DFPOA, because Lucille authorized him to do so. As evidence of this authorization, he points to a document she signed in September 1997, which stated: "By signing below, LUCILLE confirms that she did, indeed, authorize her son, LES LEE . . . to sign a Deed on her behalf deeding the house over to her three sons." Les Lee argues that Lucille's after-the-fact authorization ratified his action of granting the property to himself. Finally, Les Lee claims that all the documents read together evidence Lucille's intent that he be the sole owner of the house and that the trial court's ruling defeated her intent.

¶ 4.   Leigh and Robert respond that they received fee simple absolute estates in the property via the deed.

Because the reserved special power of appointment was repugnant to the grant of the property, it was void. Further, Les Lee was not authorized to execute the deed granting property to himself so his share in the house was never conveyed to him. They maintain, however, that the warranty deed did effectively convey their shares to them.

██

¶ 5. This case presents three questions of law. First, may a grantor convey fee simple via warranty deed while reserving to himself or herself the power to appoint the land? Second, does a grantor's subsequent declaration that he or she authorized an agent to execute a deed that benefited the agent ratify the agent's act even though the power of attorney that established the agency expressly forbade the agent to act to benefit himself or herself? Third, what is the effect of a deed signed by an agent by which the agent impermissibly conveyed property to himself or herself but also conveyed property to others to whom he or she had authority to do so? These are questions of law we review de novo. *See Atkinson v. Mentzel*, 211 Wis. 2d 628, 638, 566 N.W.2d 158 (Ct. App. 1997) (determination of grant in deed is question of law); *Disciplinary Proceedings Against Harvey*, 197 Wis. 2d 121, 136, 539 N.W.2d 453 (1995) (whether power of attorney authorizes gifting is legal issue).

¶ 6. As is standard in a warranty deed, the deed here states that the "Grantor . . . conveys to Grantee the following described real estate." Further, as is typical, the grantor "warrants that the title is good, indefeasible in fee simple and free and clear of encumbrances . . . and will warrant and defend the same." In other words, the grantor warrants that he or she owns the land free and clear in fee simple absolute and con-

veys the land to the grantee. What is unusual about the warranty deed in this case is that it contains a clause reserving the power to appoint the property. The relevant language of the clause is as follows.

> RESERVED LIFETIME & TESTAMENTARY SPECIAL POWER OF APPOINTMENT. The Grantor reserves the power to appoint, in whole or in part, the property conveyed hereunder to or for the benefit of any one or more of the Grantor's issue in such proportions, outright or upon such trusts, terms and conditions as the Grantor may specify by a writing executed and acknowledged during her lifetime and recorded in the Racine County Register of Deeds within sixty (60) days of the date of such exercise, or by her Last Will or Codicil or Living Trust making specific reference hereto.

This language purports to give Lucille the right to take the land away from Les Lee, Leigh, and Robert and give it to any of her descendents.

¶ 7.   Ordinarily, where a deed contains both a grant of an interest and a reservation of a right over the conveyed property, the two provisions are read together and reconciled. *See Polebitzke v. John Week Lumber Co.*, 157 Wis. 377, 381–82, 147 N.W. 703 (1914). However, "where the attempted reservation is of some right inconsistent with the nature of the estate conveyed" the grant controls. 23 AM. JUR. 2D *Deeds* § 78 (1983). "For instance, where the fee title to real estate is conveyed, a reservation of a right in the grantor for subsequent control of the property is repugnant to the grant and is therefore a nullity." *Id.*

¶ 8.   The situation described above is precisely what we have here. The reserved power of appointment is inconsistent with the rest of the terms of the war-

ranty deed and is thus void. In Wisconsin, "every conveyance shall pass all the estate or interest of the grantor unless a different intent shall appear expressly or by necessary implication in the terms of such conveyance." WIS. STAT. § 706.10(3). Lucille's interest was fee simple; that is what she warranted in the deed. And in Wisconsin, the term "warranty deed" means something: it means the grantor warrants that he or she owns the property free and clear and in fee simple and is conveying that fee simple interest to the grantee. Here, by adding the power to appoint clause, Lucille in one breath purported to grant her fee simple interest to her sons and in the next breath claimed to retain the ability to grant her interest to someone else. This she may not do via warranty deed.

¶ 9. We wish to clarify what we do not say. We do not say that Lucille could not have conveyed a lesser interest to her sons. She was free to maintain control over the property during her lifetime. She was free to retain the power to appoint. But not via warranty deed. Such estate plans are properly set up in trusts, wills and other written documents. *See* WIS. STAT. § 702.01(1) (defining creating instrument for power of appointment).[2] At least in Wisconsin, they are not to be attempted in a warranty deed.[3]

---

[2] Without wanting to attach too much importance to the fact, we note that the legislature removed the word "deed" from this definition in 1971. *See* Laws of 1971, ch. 66, § 43.

[3] We have found no authority recognizing that this reservation of a power to appoint is valid when contained in a warranty deed. The parties have drawn our attention to secondary sources discussing the reservation of a power of appointment in a deed transferring real property. *See* Alexander A. Bove, Jr., *Protecting the Home Through Special Powers of Appointment*, ELDERLAW REP., Feb. 1996, at 1; Brian E. Barreira, *Using Spe-*

¶ 10. Les Lee replies to the respondents' arguments stating that the respondents "seem resolute in their intent not to recognize the variety of possible real estate interests permitted" by statute in Wisconsin. Specifically, he points to WIS. STAT. § 700.02(6), recognizing an interest terminable at will, and § 700.02(2), classifying as defeasible fee simples those estates in which the interest is conveyed or expires upon the occurrence of a stated event. Furthermore, he points to WIS. STAT. ch. 702, which allows for the creation of a power of appointment by "will, trust agreement or other document." WIS. STAT. § 702.01(1). Additionally, he calls to our attention WIS. STAT. § 706.02(1)(c), which requires a conveyance to identify the interest conveyed and any reservations thereto. None of these statutes conflict with our holding. Of course Lucille was free to convey an interest less than a present fee simple. But she could not do it by a warranty deed that simultaneously granted a present fee simple.

¶ 11. The warranty deed granted a present fee simple to Les Lee, Leigh, and Robert as tenants in common. The reserved power to appoint is ineffective. Thus, Lucille's later attempt to take back Leigh and Robert's shares and appoint them to Les Lee was equally futile.

¶ 12. We now turn to the second issue. Under the DFPOA Les Lee could not grant a benefit to himself. The DFPOA states: "Notwithstanding any provision of

---

*cial Powers of Appointment in Medicaid Planning*, NAELA Q., Spring 1992, at 1. We note that in these two pieces neither author describes the interest conveyed as a present fee simple. The focus of the articles is on the tax and estate-planning benefits of the reservation of the power to appoint. We make no comment on those aspects of the power. But the tax law tail does not wag the property law dog.

494

this Power of Attorney to the contrary: my Agent shall not exercise this power in favor of my Agent . . . ." There is no ambiguity here; Les Lee was not authorized to execute a deed granting property to himself.

¶ 13.  Les Lee claims that his execution of the deed was effective despite the limitation in the DFPOA. He argues that a statement signed by Lucille in September 1997 shows that she had authorized him to sign the deed. He claims that this authorization ratified his execution of the deed, despite the fact that at the time of execution he had no authority to act to benefit himself. In answer to these arguments, Leigh responds that this is an "inappropriate context" for ratification; ratification only applies, Leigh claims, when the agent has acted on the principal's account. Leigh argues that Les Lee's execution of the deed was for Les Lee's own benefit, so ratification does not apply. Robert contends that WIS. STAT. § 706.03(1m) does not allow for ratification. That statute requires that a "conveyance signed by one purporting to act as agent for another shall be ineffective . . . unless such agent was expressly authorized." *Id.* Furthermore, Robert argues, *Dodge v. Hopkins*, 14 Wis. 686, [*630] (1861), stands for the proposition that "conveyances of real estate by an agent who lacked authority to convey the real estate were void . . . [and] if ratified by the principal, were not binding unless the adverse party acquiesced."

¶ 14.  We need not dwell on the various ratification arguments because Lucille's supposed ratification, on its face, does not authorize Les Lee's execution of the deed. The document Lucille signed says: "By signing below, LUCILLE confirms that she did, indeed, authorize her son, LES LEE R. LUCARELI, *based upon power granted to him pursuant to Lucille's Durable Financial Power of Attorney*, to sign a Deed on her behalf deeding

495

the house over to her three sons." (Emphasis added.) The problem is that the DFPOA specifically forbade Les Lee to act in any way to benefit himself. Lucille's alleged ratification was, in its own words, based upon the powers granted him under the DFPOA. Les Lee's execution of the deed in his favor was outside the scope of the power granted him under the DFPOA and thus also outside the scope of the authorization set forth in the later-executed document. There was no valid ratification.

¶ 15. The trial court concluded that Les Lee's lack of authority to execute the deed in his favor voided his share but effectively conveyed shares to his brothers. We disagree. Les Lee executed one deed. He was not expressly authorized to do so at the time and his action was not later ratified. The effect of his acting outside his scope of authority is clear from the language of WIS. STAT. § 706.03(1m)—the conveyance is void. "*A conveyance* signed by one purporting to act as agent for another *shall be ineffective* as against the purported principal unless such agent was expressly authorized." WIS. STAT. § 706.03(1m) (emphasis added). A conveyance is a "transfer of title to land from one person, or class of persons, to another by deed." BLACK'S LAW DICTIONARY 333 (6th ed. 1990). Les Lee executed one deed to effectuate one conveyance. But he was not authorized to execute the deed because he was one of the grantees and his power of attorney prohibited self-gifting. Under the statute, the conveyance was ineffective. Lucille never granted the property to the brothers. Thus, it remains in her estate and should be dealt with accordingly.

¶ 16.   We note that none of the parties argued for the result we reach on the effectiveness of the deed. Therefore, no costs are to be awarded.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded.