COURT OF APPEALS
DECISION
DATED AND FILED

June 17, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP143**

STATE OF WISCONSIN

Cir. Ct. No. **2020CV140**

IN COURT OF APPEALS
DISTRICT III

JODIE KNUDSON BAACKE,

    PLAINTIFF-APPELLANT,

  V.

JILL A. HENDRICKS AND JESSE A. MADOCHE,

    DEFENDANTS-RESPONDENTS.

        APPEAL from a judgment of the circuit court for Door County: DONALD R. ZUIDMULDER, Judge. *Affirmed*.

        Before Stark, P.J., Hruz, and Gill, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

        ¶1    PER CURIAM. Jodie Baacke appeals a judgment, which followed a grant of summary judgment entered in favor of Jill Hendricks and

Jesse Madoche, dismissing Baacke's declaratory judgment action. Baacke argues that the circuit court erred by failing to address what Baacke actually sought in this action: a determination of the scope of rights reserved by Baacke's predecessor in title, which she contends included a "collection of easement reservations" allowing her to control the use of a private road that runs alongside her property and neighboring properties. Baacke also argues that the court erred by concluding that Hendricks and Madoche had an express easement over the private road and that there was no restriction on the commercial use of the private road.

¶2 We conclude that the plain language in Baacke's deed grants her title to her property and a nonexclusive easement over the private road, nothing more. Because we affirm on that basis, we need not address the parties' additional arguments regarding Baacke's claimed control over the private road and its usage.

## BACKGROUND

¶3 In 1990, Marion and Aldred Ash acquired a parcel of real property, which they later subdivided into several parcels. Indigo Road or Indigo Lane (hereinafter referred to as "Indigo Road") is a 66-foot-wide private road that connects all of the Ashes' subdivided parcels to State Highway 42 in Egg Harbor, Wisconsin. Between 1994 and 1997, the Ashes conveyed these parcels to third parties through either land contracts or warranty deeds, and the legal description in each of these documents reserved a 33-foot easement "for road purposes." These side-by-side 33-foot easements make up Indigo Road. The following map is helpful for visualizing the size of the Ashes' original parcel, and it identifies the parcels, including those we describe below, with the last three or four digits of the tax parcel number:



¶4    In 2015, Marion Ash ("Ash") conveyed one of her parcels,[1] known as 6209 Indigo Road, Tax Parcel No. 0080121292641A, to Baacke pursuant to a warranty deed. A portion of Indigo Road is located along the eastern boundary of Baacke's parcel. The deed conveyed the parcel and an easement, both of which are described in an attachment and labeled as "Parcel I" and "Parcel II." Parcel I provides the legal description of the parcel that Ash conveyed to Baacke.

¶5    Parcel II provides the legal description for a "non-exclusive easement for ingress, egress and utilities over a 66' wide private road to access STH 42." It further describes the easement's location with particularity. The location is described by using the same location of the easement reservations that the Ashes made in their deeds to other parties, such as the northerly, easterly, westerly, or southerly 33 feet of the various parcels along Indigo Road. Baacke asserts that she believed that "by including the entire easement as a parcel

_____

[1] Aldred Ash passed away prior to this conveyance.

3

transferred by the Warranty Deed, [Ash] was transferring to [Baacke] all rights of [Ash] in and to [Indigo Road]." Baacke's deed, however, does not contain any language conveying the Ashes' own reservations of rights—including any control over Indigo Road—to Baacke.

¶6 In 2019, Hendricks and Madoche acquired their parcel, known as 6207 Indigo Lane, Tax Parcel No. 0080121292641L2, through a warranty deed from Sharon Kuehn. Hendricks and Madoche's parcel had been acquired through several conveyances, but it began as two of the Ashes' subdivided parcels that were combined into one parcel. Portions of Indigo Road are located along the eastern and western boundaries of Hendricks and Madoche's parcel. The deed conveyed the parcel and an easement, which are both described in an attachment and labeled as "Parcel I" and "Parcel IA." Parcel I provides the legal description of the conveyed parcel.

¶7 Parcel IA provides the legal description for a "non-exclusive easement for ingress, egress and utilities as set forth in Doc. No. 791037." Document No. 791037, titled "Easement: Affidavit of Intent," is a document Ash executed on October 16, 2015, and it was recorded on October 19. The Affidavit of Intent stated that the Ashes previously owned all of the parcels along Indigo Road, which are legally described in an attached exhibit, and that the Ashes sold those parcels while "granting and reserving certain rights for a private access and utility easement known as Indigo Road," which is also legally described in the attached exhibit. The legal description for the nonexclusive easement in the Affidavit of Intent to which Hendricks and Madoche's deed refers is the same as the legal description for the nonexclusive easement in Baacke's deed—i.e., "for ingress, egress and utilities over a 66' wide private road to access STH 42." The

easement's location is also described with the same particularity as it is in Baacke's deed.

¶8 The Affidavit of Intent also stated that when the Ashes developed the parcels and granted and reserved rights over Indigo Road, they intended for each described parcel to "have access rights for ingress, egress, and utilities between their parcels and the platted right-of-way of State Highway 42 over and across Indigo Road as described." Finally, the Affidavit of Intent stated that it was made to establish the Ashes' intent as the parcels' developers and their "intent for Indigo Road to benefit each parcel for access and utilities to and from said respective parcels to State Highway 42."

¶9 After acquiring their parcel, Hendricks and Madoche constructed a commercial building for mini-storage rentals on the parcel. The driveway to access the building is on the east side of the parcel and there is no driveway on the west side of the parcel. Baacke's parcel is located northwest of Hendricks and Madoche's parcel. Thus, the storage unit renters would not cross the portion of Indigo Road that lies within Baacke's parcel to access their storage units.

¶10 In November 2020, Baacke commenced this action against Hendricks and Madoche. Baacke sought a declaratory judgment that Hendricks and Madoche "do not hold easement rights over Indigo Road"; that "any use of Indigo Road for commercial purposes is prohibited as being outside of the scope of the easements reserved or granted"; and that Baacke "is the title holder of all rights reserved by Ash in and to Indigo Road." Baacke also sought a permanent injunction "prohibiting the use of Indigo Road for commercial or business purposes."

¶11 Hendricks and Madoche subsequently moved for summary judgment. They argued that: (1) Baacke did not "have the right to exclude others from the portions of Indigo Road outside of the boundaries of her parcel"; (2) they were "unambiguously granted an express easement through reservations on deeds and" the Affidavit of Intent, or, if the easement grants and reservations in their title chain were ambiguous, extrinsic evidence established an easement by express grant or by necessity; and (3) "[t]here are no restrictions on the easement which prevent commercial use."

¶12 The circuit court granted Hendricks and Madoche's motion for summary judgment. The court concluded that Baacke's deed unambiguously conveyed a nonexclusive easement over Indigo Road, that the deed's plain language did not give Baacke "access to Indigo Road 'to the exclusion of all others,'" and that, therefore, Baacke could not "limit [Hendricks and Madoche's] use of their parcel or their access to Indigo Road." Noting that it did not need to reach the content of the Affidavit of Intent, the court also concluded that Hendricks and Madoche's deed unambiguously gave them access to and from their parcel, even though the "deed did not fix the location of the ingress or egress." Finally, the court concluded that Baacke failed to present evidence suggesting that "she acquired the authority to prohibit commercial enterprises on" Hendricks and Madoche's parcel, or that Hendricks and Madoche's deed prevented commercial activity by them. For these reasons, the court also denied Baacke's request for a permanent injunction.

¶13 In May 2023, the circuit court entered a final judgment in favor of Hendricks and Madoche, awarding them costs and disbursements and dismissing Baacke's declaratory judgment action. Baacke now appeals.

6

**DISCUSSION**

¶14    We review a circuit court's summary judgment decision de novo, applying the same methodology as the circuit court.  *See* ***Konneker v. Romano***, 2010 WI 65, ¶22, 326 Wis. 2d 268, 785 N.W.2d 432.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  WIS. STAT. § 802.08(2) (2023-24).

¶15    Baacke contends that she never argued in this case that she had an exclusive easement over Indigo Road, and, therefore, the circuit court erred by disposing of her case by simply concluding that she did not have an exclusive easement.  Baacke contends that the court should have addressed the primary issue related to her claim: determining "the scope of the rights that [Baacke] obtained from Ash when Ash conveyed to [Baacke] the collection of easement reservations that Ash had collected over the years."  Baacke asserts that Ash conveyed those reservations to Baacke as Parcel II in Baacke's deed.  Relatedly, Baacke contends that evidence in the record shows that those reservations include, at least, rights of control over Indigo Road.  Thus, we turn first to the language in Baacke's deed.

¶16    Easements and reservations are created by deeds, which "are construed as are other instruments"—to determine the parties' intent.[2]  ***Konneker***,

---

[2] "An easement is an interest in land possessed by another."  ***Gojmerac v. Mahn***, 2002 WI App 22, ¶18, 250 Wis. 2d 1, 640 N.W.2d 178 (2001).  "Title does not pass to an easement holder, 'but only a right of use or privilege in the land of another.'"  ***Konneker v. Romano***, 2010 WI 65, ¶25 n.8, 326 Wis. 2d 268, 785 N.W.2d 432 (citation omitted).

(continued)

326 Wis. 2d 268, ¶26 (citation omitted); *see also* ***Murphy v. Sunset Hills Ass'n***, 243 Wis. 139, 143, 9 N.W.2d 613 (1943). "The primary source of the parties' intent is what is written within the four corners of the deed." ***Konneker***, 326 Wis. 2d 268, ¶26. If the language in the deed is unambiguous, then extrinsic evidence is not needed to determine the parties' intent. ***Id.*** If the language is ambiguous, "then the parties may introduce other evidence to demonstrate the intent behind the language." ***Id.***

¶17 Upon examining the language in Baacke's deed, we conclude that there is nothing in her deed conveying the Ashes' own collection of easement reservations to Baacke, whatever those rights may have been. As Hendricks and Madoche note, the deed unambiguously conveys two property interests: (1) title to Baacke's parcel and (2) the nonexclusive easement "'for ingress, egress and utilities over a 66' wide private road to access STH 42' over lands described as Indigo Road." Contrary to Baacke's contention, the legal description of the nonexclusive easement's location labeled Parcel II in Baacke's deed does not convey any additional rights, including those attendant to any reservations that the Ashes made when they conveyed parcels to other parties between 1994 and 1997. Although the legal description of the easement's location in Baacke's deed matches the legal description of the location of the Ashes' easement reservations,

---

Regarding reservations, Wisconsin courts have noted that the terms "reservation" and "exception" are often used interchangeably but have distinct meanings. *See* ***Schumski v. Village of Hales Corners***, 14 Wis. 2d 301, 304-05, 111 N.W.2d 88 (1961). "A reservation is something taken back from the grant while an exception is some part of the estate described in general terms in the deed which is not granted." ***Murphy v. Sunset Hills Ass'n***, 243 Wis. 139, 143, 9 N.W.2d 613 (1943). In other words, for an exception, a grantor retains title to the portion of the property excepted in the deed. *See* ***Ogden v. Straus Bldg. Corp.***, 187 Wis. 232, 258-59, 202 N.W.34 (1925). For a reservation, title to all property passes to the grantee, but the grantor reserves a right to use a portion of that property. *See* ***id.***

it is simply a particular description of the easement's location and not an explicit conveyance of any easement reservations.

¶18     In her brief-in-chief, Baacke does not point to any language in her deed stating that Ash conveyed the entire collection of reservations that she held to Baacke. Instead, she argues, in conclusory fashion, that Parcel II in her deed is made up of the reservations that the Ashes collected and that the "description of those reservations as being for 'road purposes'" is ambiguous. Those descriptions, however, are found in the deeds from 1994 to 1997 to third parties, not in the language in Baacke's deed. In other words, Baacke contends that the reservation language in descriptions from *other* deeds is ambiguous, and not the language from her own deed. As noted above, we examine what is written within the four corners of Baacke's deed to determine what was conveyed, and the conveyance does not include a collection of the Ashes' reservations made in other deeds.

¶19     In reply, Baacke points to standard language in her deed that she argues is ambiguous for two reasons. First, she points to the language stating that Ash conveys to Baacke "the following described real estate, together with the rents, profits, fixtures and other appurtenant interests." She then asserts that "if the [Ashes'] reservations of the easements are appurtenant to the described real estate, then those easements were necessarily transferred by the deed."

¶20     Second, Baacke points to language stating that Ash warrants that "title to the Property is good, indefeasible, in fee simple and free and clear of encumbrances except … terms, conditions, restrictions and provisions relating to the use and maintenance of the easement described as Parcel [II] and as defined in

9

[the Affidavit of Intent] recorded as Doc. No. _____."[3] She then argues that this language creates ambiguity because "neither Parcel II in Baacke's deed, nor the Affidavit of Intent provide any guidance on the 'use,' and especially not the 'maintenance,' of the easement described in Parcel II." Discovery of extrinsic evidence, Baacke contends, is necessary to resolve these ambiguities.

¶21 As an initial matter, and as noted above, Baacke did not point to the above language in her brief-in-chief to argue that her deed was ambiguous, but she instead pointed to language in other deeds. We generally do not consider arguments raised for the first time in a reply brief. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492-93, 588 N.W.2d 285 (Ct. App. 1998). Nevertheless, neither set of language on which Baacke relies creates ambiguity as to what Baacke's deed clearly conveys: title to the property and the nonexclusive easement over Indigo Road for limited purposes, including ingress and egress. It is clear what Ash intended to convey, and that conveyance did not include a collection of easement reservations.

¶22 Baacke also argues that the more detailed legal description in her deed of the easement over Indigo Road must mean "that Ash intended to grant Baacke elevated rights over the easement" because other deeds, such as Hendricks and Madoche's deed, do not contain a similar detailed description of the easement. But Baacke cites no legal authority stating that one party obtains elevated rights over others by virtue of a more particular description alone. Moreover, the legal documents conveying title to Hendricks and Madoche *do* at least purport to

---

[3] Baacke characterizes this language as "nonstandard language"; however, other than the listed exceptions, the language is standard in a warranty deed. *See Lucareli v. Lucareli*, 2000 WI App 133, ¶6, 237 Wis. 2d 487, 614 N.W.2d 60 (noting the standard language in a warranty deed).

contain the same legal description of the easement as in Baacke's deed. As noted above, Hendricks and Madoche's deed incorporates by reference the Affidavit of Intent, which contains that very description. Although Baacke takes issue with the circuit court's consideration of the Affidavit of Intent and its legal effect,[4] at the very least, the Affidavit of Intent demonstrates an overall intent to convey easements with the same legal description to all parcel owners.[5]

¶23 We conclude by noting one final problem with Baacke's argument. Assuming Ash conveyed the collection of easement reservations to Baacke, for Baacke to succeed in this action, the Ashes would have also had to reserve the right to control or limit the use of Indigo Road, particularly for commercial travel. As Hendricks and Madoche argue, if the Ashes' reservations were construed as allowing the Ashes to control or limit the use of Indigo Road, those reservations

---

[4] It appears the parties engaged in correspondence with the circuit court to address how to handle the Affidavit of Intent in disposing of the summary judgment motion. The court provided instructions regarding the Affidavit of Intent, which are not in the record, and both parties interpret those instructions differently. According to Baacke, the court "indicat[ed] that it would not consider the Affidavit of Intent of Marion Ash, given that it was the main document that Baacke sought to rebut through discovery." According to Hendricks and Madoche, the court "wanted to consider easements and deeds in the title chain," of which the Affidavit of Intent was a part. The transcript from the nonevidentiary hearing held in August 2022 suggests that the court would not rely on the Affidavit of Intent, given its statement that Hendricks and Madoche could not rely on the Affidavit of Intent to support one of their arguments.

[5] Ash filed the Affidavit of Intent on October 16, 2015, and it was recorded three days later. It is worth noting that this occurred during the pendency of the land contract between Hendricks and Madoche's predecessor in interest, Sharon Ann Kuehn, and the prior owner, who had been the one to combine the easterly and westerly portions of what became the parcel sold to Hendricks and Madoche. *See supra* ¶6. We note this fact because, as Baacke mentions, neither the land contract nor the warranty deed for this prior transaction completed in 2018—which was the first conveyance of the combined parcel—made any reference to easements. This omission was despite the fact that all preceding sales of the easterly portion of the parcel—i.e., the one Hendricks, Madoche, and their storage unit renters use to access the parcel—included some reservation of easements related to Indigo Road.

would operate as a restriction on the free use of Indigo Road by all parcel owners in the Ashes' original parcel and thereby violate public policy. We agree.

¶24 Wisconsin public policy "favors the free and unrestricted use of property"; accordingly, any restrictions in deeds "must be strictly construed to favor unencumbered and free use of property." *Crowley v. Knapp*, 94 Wis. 2d 421, 434, 288 N.W.2d 815 (1980). Thus, a deed restriction that "purports to operate in derogation of the free use of property must be expressed in clear, unambiguous, and peremptory terms." *Id.* at 435. Here, if we accepted Baacke's argument that the Ashes' reservations are ambiguous, those reservations would operate as unclear and ambiguous restrictions expressed in the deeds, and they would be contrary to public policy. Baacke does not point to any language in the Ashes' reservations expressing a clear and unambiguous restriction on the use of Indigo Road. Indeed, Baacke only asserts that it is inappropriate to apply public policy considerations without the parties having conducted any discovery. We see no problem in applying the foregoing principles in the current procedural posture of this case.

¶25 Because we conclude that the plain language of Baacke's deed does not convey the Ashes' collection of reservations to Baacke, the circuit court did not err by granting summary judgment to Hendricks and Madoche and by concluding that Baacke had no authority to limit the use of Indigo Road. She, like all other owners, has only a right of ingress, egress, and utilities across Indigo Road. Given that Baacke's declaratory judgment action turns on whether Ash conveyed the collection of easement reservations to Baacke that allowed Baacke to control Indigo Road, we need not address Baacke's additional arguments because she has no legally protectable interest regarding Hendricks and Madoche's use of Indigo Road. *See Olson v. Town of Cottage Grove*, 2008 WI

51, ¶29, 309 Wis. 2d 365, 749 N.W.2d 211 (explaining that declaratory judgment actions require a justiciable controversy, of which a factor is that "[t]he party seeking declaratory relief must have a legal interest in the controversy—that is to say, a legally protect[a]ble interest." (citation omitted)).[6]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).

---

[6] As explained, our conclusion regarding the language of Baacke's deed is dispositive of this appeal, and, given that disposition, we need not address the other arguments that she raises. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (stating that we need not address alternative arguments raised by a party when one is dispositive). To the extent our analysis differs from that of the circuit court, it is of no moment because summary judgment is a question of law that we review de novo. *See Konneker*, 326 Wis. 2d 268, ¶22.